In re BRENNER.

(Supreme Court, Special Term, Kings County. June 3, 1901.)

1. ELECTIONS—TITLE TO OFFICE—SUMMARY PROCEEDINGS.
    The title to an office will not be determined in the summary proceedings authorized by Code Civ. Proc. § 2471a, to compel the incumbent of an office to surrender the books and papers appertaining thereto to the person entitled to the office, unless the undisputed facts show that the appointment of the person claiming the books, etc., was void.

2. CONSTITUTIONAL LAW—VALIDITY OF STATUTE—BURDEN OF PROOF
    A person seeking to show the unconstitutionality of a statute must conclusively show that it is in contravention of the constitution, since the constitutionality thereof is presumed.

3. SAME—APPOINTMENT TO OFFICE.
    Where an appointment to office is made by judges of the supreme court in pursuance of statutory authority, the constitutionality of the statute will be presumed from their act in making the appointment, though it is not conclusive.

4. SAME—JURY COMMISSIONER—APPOINTMENT.
    The jury commissioner of Kings county is not a county officer, within the meaning of Const. art. 10, § 2, prohibiting the appointment of county officers by other than the board of supervisors or other county authority; and hence Laws 1901, c. 602, authorizing the appointment thereof by justices of the supreme court, is not in conflict therewith.

Application of Jacob Brenner, as commissioner of jurors in the county of Kings, against William E. Melody, to compel the delivery of books and papers appertaining to the office of commissioner of jurors. Application granted.

H. W. Goodrich, for applicant.
R. H. Elder, for respondent.

MADDOX, J. The applicant was, pursuant to the provisions of chapter 602 of the Laws of 1901, on May 13th, appointed commissioner of jurors in the county of Kings by a majority of the justices of the appellate division in the Second judicial department, in which

department said county is situated, and, having duly qualified, he thereupon demanded of the respondent, who theretofore lawfully held the office of commissioner of jurors for said county, and was then exercising the functions and performing the duties thereof, the possession of said "office, * * * and all the books and papers appertaining thereto." The term for which respondent was appointed has not yet expired, but the provision of the act in question is that "upon the appointment and qualification of a commissioner of jurors in any county appointed under the provisions of this act the term of a commissioner of jurors in such county in office at the time of such appointment shall terminate, and he shall turn over to the commissioner of jurors appointed under this act all books, papers, records and property in his possession or under his control as such commissioner of jurors"; and respondent, having refused to comply with such demand, justifies his action upon the ground that the act is unconstitutional, in that it contravenes the provisions of section 2, of article 10 of the constitution, inhibiting the appointment of county officers by other than "the board of supervisors or some other county authority,"—contending that the office in question is a county office, and that the appointing board is not a county authority. Petitioner now seeks an order, under section 2471a of the Code of Civil Procedure, directing the delivery to him, as such commissioner of jurors, of the books and papers belonging to the office. The respondent appeared on the motion, but, other than his brief, submitted no papers —no proofs—in contradiction of the matters alleged in petitioner's motion papers, and hence all the averments of fact therein contained must be taken as conceded as true. This is a summary proceeding, long known under our statutes (1 Rev. St. pp. 124, 125, §§ 50–53), to compel any person, including an incumbent of an office whose term is at an end, in whose possession the books and papers belonging to a public office may be, to deliver the same to the officer entitled thereto, to the end that the due and proper performance of official duties shall not be delayed or interfered with, and that public interests shall not be hazarded. The title to an office, as between contending claimants, should not be litigated or determined in such a proceeding as this, unless, as held by the appellate division, Mr. Justice Bartlett writing, in Re Sells, 15 App. Div. 575, 44 N. Y. Supp. 570, "the undisputed facts presented upon the application show, beyond substantial doubt or controversy, that the appointment of the person claiming the books and papers was void." The issue of title to a public office involves the right of the people of the state to be a party, and the right of the parties to a jury trial, and that in an action in the nature of a quo warranto. Consequently the relief sought for here can only be granted where the right of the applicant is clear and free from doubt. In re Baker, 11 How. 429; In re Carpenter, 7 Barb. 37; Morris v. Whelan, 64 How. 109; In re Bradley, 141 N. Y. 530, 36 N. E. 598.

Within his right, and, indeed, within the line of his duty, the respondent, in his so refusing to comply with said demand, squarely presents the question as to the validity of the act under consideration. He was at the time of the enactment a public officer, and had

taken, it is to be presumed, since that was required (section 5, c. 322, Laws 1858), the "usual oath of office," and had thereby obligated himself to support the constitution, and faithfully to perform the duties of his office, and, if the statute in question offends the organic law, then it is his duty to refuse to deliver the "books and papers appertaining" to said office; for anything less would have been a failure on his part in the performance of his official duties, and a violation of his oath to support the constitution. His oath of office does not permit an acquiescence in that which is forbidden by law, and if the office of commissioner of jurors, as it existed prior to the act of 1901, is a county office, then that statute offends the constitutional provision before quoted (section 2, art. 10), is void, and "confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed." Norton v. Shelby Co., 118 U. S. 442, 6 Sup. Ct. 1121, 30 L. Ed. 178.

Thus, we have here presented for consideration the situation contemplated in Re Sells, supra, and, notwithstanding that the impropriety of the court at special term in passing upon the constitutionality of legislative enactments upon the hearing of motions has been well recognized and is fully appreciated by the writer, the determination of the question of validity is essential to the decision of this application.

First, we have the presumption of constitutionality attaching to every legislative enactment, and the burden of showing constitutional contravention is upon those asserting the invalidity (People v. Board of Sup'rs of Westchester Co., 147 N. Y. 15, 41 N. E. 563, 30 L. R. A. 74), which must be conclusively established,—that is, beyond rational doubt; for the conflict with the constitution, as Judge Peckham says, "must be manifest and unequivocal"; there must remain no room for reconciliation (Railroad Co. v. Van Horn, 57 N. Y. 477; People v. Board of Supervisors of Westchester Co., supra; People v. Rice, 135 N. Y. 484, 31 N. E. 921. 16 L. R. A. 836; Pearce v. Stephens, 18 App. Div. 106, 45 N. Y. Supp. 422).

Then, again, we have the presumption that judicial officers act within the limitations of the constitution, and that they do no act in violation thereof; that they do no illegal act. The appointing authority here were and are justices of this court, assigned to the appellate division thereof, and as such have also taken the usual oath of office. We cannot assume that they have not, before making the appointment of such commissioner, considered the question of the validity of the act under consideration, and have determined the same, since they are required only to act under and in obedience to valid laws, not to void laws. Norton v. Shelby Co., supra. But that determination is not final and binding here, for the reason that the respondent has not been heard, and this application may be made the basis for further proceedings against him in event of his failing to obey the order to be entered hereon, and consequently the question of constitutionality must be considered.

Was the office of commissioner of jurors for Kings county a county office? If it was, then this application must be denied, since no new

office has been created, and the appointing power is not a county authority. Additional duties have been added to the office, but the office as it originally existed must be held as having been continued. In answering the question, we must determine the duties and functions of the office, and then their character and relation to the county as a political division of the state. Prior to the act of 1858 (chapter 322), jurors in Kings county were, as in all other counties excepting New York, drawn by the county clerk, and summoned to attend by the sheriff of the county, and reference to the earlier provisions of law as to the summoning of jurors by the sheriff, upon receipt of the writ of venire facias juratores, is unnecessary here. The duties as devolved, briefly stated, relate only to the entering in a book and the preparation of a list of the names of persons qualified for jury service, as returned by the assessors, and the preparation of ballots, giving the name, vocation, and residence of each person, and the placing of such ballots in a box or wheel for subsequent drawing (Laws 1858, c. 322, §§ 7, 8, 12–14; Code Civ. Proc. §§ 1135–1140); attending with two judicial officers, who had been previously notified, upon the drawings of the names of qualified persons from said box to serve as jurors (Laws 1858, c. 322, §§ 15–18; Code Civ. Proc. §§ 1140–1145); the summoning for attendance those so drawn (Laws 1858, c. 322, § 21; Code Civ. Proc. § 1146); and with two judicial officers to hear applications for remission of fines imposed upon delinquent jurors for nonattendance (Laws 1866, c. 821, § 3; Code Civ. Proc. § 1154). And here it may be said that, upon the completion of each drawing of jurors in Kings county, "the judges must　＊　＊　＊ close each box, and place upon the cover thereof their seals.　＊　＊　＊" Code Civ. Proc. § 1143.

There is no relation of any of the duties cast upon the commissioner, so far as I have been able to find after a most thorough research,—and I have not been referred to any by counsel,—to the affairs or government of the county. He exercises no function or duty whatsoever, having any reference to, or connection with, the governmental affairs of the county, but he is an aid to the court, and, indeed, he performs functions most closely related to, and essentially connected with, the court and the administration of justice, though not, in any sense, of a judicial character. The right to a jury trial, as guarantied by the constitution and the bill of rights, necessarily leads one to the conclusion that a jury is an essential part of a court of law, and that a court of law, without a jury, is not constitutionally organized.

The term "court," in its general and enlarged sense, comprehends within its purport both the justice and the jury, both being component parts of a court of law. Goddard v. State, 2 Yerg. 104. As said by Mr. Justice Gray in Traction Co. v. Hof, 174 U. S. 13, 19 Sup. Ct. 580, 43 L. Ed. 873:

"(3) 'Trial by jury,' in the primary and usual sense of the term at the common law and in the American constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and impaneled, to administer oaths to them and to the constable in charge, and to enter judgment and to issue execution on their verdict, but it is a trial by a jury of twelve men, in the presence and under the

superintendence of a judge empowered to instruct them on the law and advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if, in his opinion, it is against the law or the evidence. This proposition has been generally admitted, and so seldom contested that there has been little occasion for its distinct assertion. Yet there are unequivocal statements of it to be found in books."

If, as stated above, the jury is essentially a component part of a court of law, then is not the officer who prepares the jury lists, who participates with the justices in the drawing of jurors, and summons in attendance those so drawn, an aid to the court, rather than a county officer? The legislature has declared that the commissioner of jurors appointed pursuant to chapter 369 of the Laws of 1895, in counties having a population of 300,000 or more, according to the then last preceding census, "shall be an officer of the courts of record in such county," but the counties of New York and Kings are excepted from the provisions of that act. The duties of the commissioner, under that act, are the same as those provided by law for the commissioner of jurors for Kings county, and a reason why the one should be "an officer of the courts of record in" his county, and the other not, but a county officer, may well be asked for, and, in my opinion, sought for, in vain.

Reference being had to the various enactments for the appointment of such commissioners will prove instructive, and they are entitled to some weight in determining the intention of the legislature as to the character of the office. In New York county the mayor of the city was for a long time one of the appointing powers; then for a time had sole authority to appoint; and by the Greater New York Charter it is provided (section 118) that the mayor shall have the power to appoint a commissioner of jurors for the boroughs of Manhattan and the Bronx. In this county at one time the judge of the city court of Brooklyn was one of the appointing board, and it must be remembered that the commissioner, with the attending judicial officers, drew and summoned jurors for that court, though it was, as the name implies, of limited jurisdiction, being a superior city court. Likewise, the judges of that court were entitled to notice of drawings, to participate therein, and also in the hearings upon remission of fines. In all the other acts for the appointment of such commissioners it will be seen that various appointing boards were created, and in some the justices of the supreme court residing in the county for which appointment was to be made, if there be any, were included.

It will thus be seen that the office has not been considered either a county or a city office; for in some instances a city officer has made, or participated in making, the appointment, and in others state officers, justices of the supreme court, have been included in the appointing authority. By the act creating the office of special commissioner of jurors in counties having a population of more than 500,000 (Laws 1896, c. 378), the power of appointment and removal was vested in the "justices of the appellate division of the supreme court in the department within which each county embraced" thereby is situated. Here is language identical with that in the act under consideration, and there the duties cast on the commissioner related

to drawing and summoning special jurors within the county. There were but two counties for which such commissioners were appointed, New York and Kings. That act was assailed as being unconstitutional on several grounds, and was sustained as a valid exercise of legislative power (People v. Dunn, 157 N. Y. 528, 52 N. E. 572, 43. L. R. A. 247), though the question raised here was not presented by counsel in that case. By chapter 623, Laws 1899, an act with which many of us are very familiar, the control of the court over the special commissioner, and also the regular commissioner, of jurors in this county, was recognized, and, indeed, emphasized, in most explicit language; for it provided, among other things, that "the justices of the supreme court residing in any county having a special commissioner of jurors, * * * or a majority of them, may require such special commissioner of jurors to scrutinize and revise the general panel or list of trial jurors for such county, under their supervision and direction * * * that no person shall be rejected as a juror until a list, * * * stating the cause of rejection of each, has been submitted to and approved by said justices"; that any person failing to attend before said special commissioner, after having been summoned so to do, or refusing to be sworn or answer any pertinent question, may be punished therefor by any trial justice of the supreme court sitting in such county; and that the "regular commissioner of jurors, or other official with that duty, shall continue to make up the general list or panel of jurors each year, as heretofore, but under the supervision and direction of said justices."

Can a closer relation to the court in the detail of preparing the jury lists or panels, and the drawing and summoning of jurors, be well conceived than the performance of the duties devolved by the statutory provisions before quoted upon the commissioner? The act providing for such special commissioner of jurors (Laws 1896, c. 378) has been repealed (Laws 1901, c. 601), and the duties of that office have been cast upon the commissioner of jurors by the provisions of the act under consideration here (chapter 602). Likewise the provisions of chapter 623 of the Laws of 1899 have been incorporated in section 1132 of the Code of Civil Procedure, as amended by chapter 600 of the Laws of 1901, and are now made expressly applicable to the commissioner of jurors in Kings county. Indeed, assuming an extremely improbable, though not impossible, case, if all the laws providing for the listing, drawing, and summoning of jurors were, for any reason, to become inoperative, it would then, in my opinion, be the duty of a court of law, and the justice presiding thereat, to cause the attendance of jurors or talesmen in the manner provided for and obtaining under the common law, and by the common-law writ of venire facias juratores. Except in Westchester county, the court now has, if an insufficient number of jurors attend, the right and power to command the sheriff to summon from the bystanders, or from the county at large, a sufficient number of qualified talesmen. Further comment is unnecessary, for it seems to me indisputable that the commissioner of jurors is not a county officer, but is a local officer, aiding in the administration of justice within a.

prescribed territorial limitation. He is an aid to the court in obtaining, under its supervision and direction, qualified jurors for attendance in the courts of law. State v. Kendie, 52 Ohio St. 356, 39 N. E. 947; State v. Mounts, 36 W. Va. 179, 14 S. E. 407, 15 L. R. A. 243.

