DAVID J. JOHNSTON, RESPONDENT, *v.* JOHN GARSIDE, MAYOR OF THE CITY OF COHOES, AND ANOTHER, APPELLANTS, IMPLEADED WITH OTHERS, DEFENDANTS.

*Taxpayer's action — trying title to an office —* quo warranto *the only remedy — an equitable action will not lie.*

The complaint in an action alleged that by illegal acts and proceedings two persons were holding office as fire commissioners of the city of Cohoes; that its mayor recognized these officials, and in conjunction with them proposed to appoint some person in place of the plaintiff, who was a taxpayer, and also a fire commissioner of the city, the term of office of the plaintiff being about to expire. The complaint also alleged that the persons so conspiring together were trying to obtain control of the city fire department, and it asked judgment that the defendant fire commissioners be enjoined from acting as such, and that all the defendants be restrained from making any new appointment.

Upon an appeal from an order granting such injunction:

*Held*, that the injunction should not have been granted.

That the evident purpose of the action was to try the title to the office of fire commissioner.

That this could only be done in an action in the nature of a *quo warranto* brought by the people.

That the action was not maintainable as a taxpayer's action, under section 1925 of the Code of Civil Procedure, because no facts were stated showing waste or injury to city property, either present or threatened.

That the action was not maintainable, as being a suit in equity, to restrain the defendants from illegally interfering with the fire department.

That an equitable action, to restrain a claimant to a municipal office from exercising it, could not be sustained.

APPEAL by the defendants, John Garside, Mayor of the city of Cohoes, and Michael J. Daley, from an order of the Supreme Court, entered in the office of the clerk of Albany county on the 26th day of October, 1891, denying a motion to dissolve a temporary injunction, which injunction restrained the defendants Dickey and Daley from acting as fire commissioners, and restrained all the defendants from appointing any person a fire commissioner in place of the plaintiff, and from removing any official of that department or filling their places when removed, and also restrained the defendants from taking possession of the property of the department.

*J. F. Crawford*, for the appellants.

*C. H. Sturges* and *C. F. Doyle*, for the respondent.

PUTNAM, J.:

The complaint states that the defendant Daley was nominated by the mayor of the city of Cohoes as fire commissioner, on the 12th day of March, 1889, but was never confirmed by a vote of two-thirds of the common council of the city, as required by its charter, and hence never became vested with the office.

That defendant W. James Dickey, having been duly appointed and vested with the office of fire commissioner, for sufficient cause, was, on the 7th day of April, 1891, by the common council of the city of Cohoes, in pursuance of the provisions of said city's charter, removed from office.

That defendant John Garside, the mayor, assumed, without authority of law, to veto the resolution of the common council removing said Dickey, and also illegally assumed to vote for the confirmation of said Daley, and now unlawfully recognizes said Daley and Dickey as fire commissioners and officials of the city; and that the said three persons intend on the 16th of April, 1891, to meet and, as a majority of the board of fire commissioners, appoint some person in place of plaintiff, whose term will then have expired.

The complaint further alleges a conspiracy between the said three persons to obtain control and possession of the fire department of the city of Cohoes and the property appertaining thereto, and demands judgment " that the defendants Dickey and Daley may be severally restrained and enjoined from further acting, or claiming to act, as a fire commissioner * of said city, and that defendants be restrained and enjoined from appointing, or attempting to appoint, any person as fire commissioner in the place of this plaintiff, and that the said defendants be further restrained and enjoined from removing, or attempting to remove, any of the officials, officers or employees of said fire department, or appointing others in their stead," etc. Plaintiff is one of the fire commissioners of the city and a taxpayer therein.

It is well settled that it is only in an action of *quo warranto,* brought by the people, that the question of title to a public office can be tried. (*The Mayor* v. *Conover,* 5 Abb., 171; *Lewis* v. *Oliver,*

* *Sic.*

4 id., 121; *Buffalo* v. *Mackay*, 15 Hun, 204; *Morris* v. *Whelan*, 64 How., 109; *Palmer* v. *Foley*, 45 id., 112.)

Plaintiff insists that the action is maintainable as a taxpayer's action under section 1925 of the Civil Code. It is obvious, however, that this claim is untenable. No facts are stated in the complaint authorizing such an action. It is alleged that certain parties, in violation of the law, have intruded into an office, and plaintiff imagines that such parties are about to remove employees of the fire department and appoint others, and that damage will result No actual damage — no waste of public funds — is alleged, but plaintiff imagines that damage will result on account of the usurpation of the office of fire commissioner by defendants Daley and Dickey. As a taxpayer's action, under section 1925 of the Code, no cause of action is stated, because no facts are stated showing waste or injury to the city property, nor any grounds to apprehend such waste other than the alleged unlawful intrusion of defendants Daley and Dickey into the office of fire commissioner.

The plaintiff further claims that the action can be maintained as an equitable one to enjoin and restrain Daley and the other defendants from illegally acting and unlawfully interfering with the fire department of the city. But the only grounds set out in the complaint, on which the action in this view can be maintained, is that the defendants Dickey and Daley are not, in fact, fire commissioners and have unlawfully intruded themselves into said office. If they are fire commissioners of said city, the plaintiff has no cause of action. In that case defendants have the legal right to do the acts which plaintiff apprehends they intend and are about to do. But if said defendants are not fire commissioners, they have no such right. It is obvious, therefore, that the only *substantial question* to be tried in this action is the title of Dickey and Daley to the office in question. As we have seen, such a question cannot be tried in this action.

The cases cited by the respondent do not sustain his contention. *People of New York* v. *Canal Board of New York* (55 N. Y., 390) and *People ex rel. Floyd* v. *Conklin* (5 Hun, 452) were actions brought by the people of the State as plaintiffs, and hence are not applicable. Possibly, in an action of *quo warranto by the people* in a proper case, a temporary injunction may be granted. (See Fiero's

Special Actions, 746; *People ex rel. Wood* v. *Draper*, 42 Barb., 265–270.)

The case of *Palmer* v. *Foley* (*supra*), cited by plaintiff, was an unusual one. The plaintiff was deputy chamberlain of the city of New York and in possession of the office. As such he had under his control the city funds, amounting to a very large sum, and the defendant, it was alleged, was unlawfully about to interfere with his possession of said funds. That case was criticised, however, by WEST-BROOK, J., in *Morris* v *Whelan* (*supra*), and the doctrine stated by the learned justice in the case last mentioned, I think, has been generally followed. I have examined the other cases cited by the respondents, but fail to find any authority for this action. As before stated, its plain object is to try the title of the defendants Daley and Dickey to the office of fire commissioners. Practically, that is all there is to be determined. Under the pleadings, if this question were determined in favor of the defendants, plaintiff's case would be ended. If, however, plaintiff could establish the fact upon the trial that said defendants Daley and Dickey were not fire commissioners, he would be entitled, without showing any further facts, to all the relief claimed, assuming that in the equitable action he has brought defendants' title to said office can be properly tried, and that plaintiff, as a taxpayer or a fire commissioner of said city, is a proper plaintiff.

I conclude, as held in *Morris* v. *Whelan* (11 Abb. N. C., 64), that such an action as this to restrain a claimant to a municipal office from attempting to exercise its powers and duties cannot be sustained. Such action indirectly involves the question of the title to the office, which can only be tried in an action to which the people are parties. Therefore, the temporary injunction should not have been granted. There are other objections to the action and injunction not necessary to be considered.

The order should be reversed as to the appellants, with costs and printing, and the motion as to the appellants granted, with costs.

MAYHAM, P. J., concurred; HERRICK, J., not acting.

Order reversed as to appellants, with costs and printing disbursements, and motion of appellants granted, with costs.