---

PEOPLE ex rel. REQUA v. NOUBRAND.

(Supreme Court, Appellate Division, Second Department. June 14, 1898.)

1. MANDAMUS TO PUBLIC OFFICER.
    It is not the proper office of a writ of mandamus to restrain a party claiming to be a public officer from exercising his office.

2. QUO WARRANTO—ASSUMPTION OF PUBLIC OFFICE.
    The remedy by action in the nature of quo warranto, given by statute (Code Civ. Proc. § 1948, subd. 1) in cases of intrusion into public office, is as applicable where one claims to fill a vacancy which the law deems nonexistent as it is where there are rival claimants to fill an admitted vacancy.

Appeal from special term, Westchester county.

Application by the people, on the relation of Samuel Requa, for a writ of mandamus against Edward W. Noubrand. From an order granting the writ, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry C. Griffin, for appellant.
Howard H. Morse, for respondent.

WILLARD BARTLETT, J. When the village law (Laws 1897, c. 414) went into effect, the village of Tarrytown had a board of water commissioners, composed of six members. Section 68 of the village law reads as follows:

"Continuance of Separate Boards. If a village now has a separate board of fire, water, light, sewer or cemetery commissioners, such commissioners shall continue in office during their respective terms, and no commissioner shall be hereafter appointed until the whole number be reduced by expiration of term or otherwise to less than three, except that if a village of the first or second class now has a board of commissioners composed of five members, such number shall be continued. All such commissioners shall hereafter be appointed by the board of trustees; and the terms shall be so adjusted that one shall expire each official year."

On March 21, 1898, the terms of two members of the board of water commissioners of Tarrytown expired, leaving four members in office, one of whom was Samuel Requa, the relator in this proceeding. On the same day, the board of trustees of the village appointed Edward Noubrand, the appellant, a water commissioner for a term of three years, and two days later he took and filed the constitutional oath of office. The relator contends that this appointment is illegal, because the village law prohibits any appointment of a water commissioner in a village where the board consist of six members until the number of commissioners has been reduced to less than three. The learned judge at special term agrees with him,

and has ordered the issuance of a writ "directed to the said Edward Noubrand, forbidding him, the said Edward Noubrand, to perform, or attempt to perform, any of the duties of a water commissioner of the village of Tarrytown, N. Y." This writ is denominated a "mandamus," but it is manifestly a restraining order in the nature of an injunction. Whatever it may be called, it is not an appropriate remedy for the determination of the question whether the appellant is or is not a water commissioner of the village of Tarrytown. "It is not the proper office of a writ of mandamus to restrain a party claiming to be a public officer from exercising his office, or to enjoin one claiming to have been elected or appointed to office from qualifying. 'Mandamus is always to do some act in execution of law, and not to be in the nature of a writ de non molestando.' Vin. Abr. tit. 'Mandamus,' A; 2 Salk. 572." People v. Ferris, 76 N. Y. 326.

It appears that, before the order under review had been made, the attorney general had commenced an action in the name of the people against the appellant, to determine the validity of his appointment as a water commissioner, and his title to the office. This remedy by action in the nature of a writ of quo warranto is expressly given by statute in cases of intrusion into public office (Code Civ. Proc. § 1948, subd. 1), and may be prosecuted against any one who usurps, intrudes into, or unlawfully holds or exercises within the state any franchise or public office, civil or military. It is just as applicable to the case of a person who claims to fill a vacancy which the law deems nonexistent as it is to a case of rival claimants for an office where there is admittedly a vacancy to be filled. Apart from any other consideration, the pendency of the attorney general's suit required a denial of the relator's application.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.