(67 App. Div. 368.)

## MELODY v. GOODRICH et al.

(Supreme Court, Appellate Division, Third Department.    December 31, 1901.)

1. INJUNCTION—OFFICIAL ACTION—JUDICIAL ACT.

The principle that an injunction will not lie to control judicial action will not prevent an injunction restraining the appointment of a jury commissioner for K. county by the appellate division of the supreme court, as authorized by Laws 1901, c. 602; such appointment being a ministerial, and not a judicial, act.

2. SAME—TITLE TO OFFICE.

A jury commissioner of K. county, who will be supplanted before the expiration of his office by the appointment of a new commissioner by the appellate division of the supreme court, as authorized by Laws 1901, c. 602, cannot for such reason maintain an injunction to restrain such appointment, on the ground that the statute is unconstitutional, as it is an attempt to try plaintiff's title to office, which question cannot be determined in equity.

3. SAME—UNCONSTITUTIONALITY OF STATUTE.

Injunction will not lie at the suit of a taxpayer to restrain the appellate division of the supreme court from appointing a jury commissioner for K. county, as authorized by Laws 1901, c. 602, for the mere reason that such law is unconstitutional; but it must appear that the funds of the county will be wasted, or that property rights of plaintiff will be irreparably injured.

4. SAME—PLEADING—CONCLUSIONS—SUFFICIENCY.

Allegations in such suit that great waste and injury will result to the property and funds of the county, and that irreparable injury will result to plaintiff and the people of the county, being mere conclusions, are insufficient to show a threatened waste or injury sufficient to support such suit.

5. SAME—SUFFICIENCY OF EVIDENCE.

The mere fact that the appellate division threatens to appoint such commissioner and fix his salary, and to authorize him to appoint assistants and incur expenses, is not sufficient to authorize such relief at the suit of a taxpayer, as the defendants, not being custodians of the public funds, or disbursing officers, cannot misapply the funds, and it will be presumed that the proper disbursing officers will not illegally pay out such funds.

Appeal from special term, Kings county.

Suit by William E. Melody against William W. Goodrich and others, as justices of the appellate division of the supreme court in the Second judicial district, to restrain the appointment of a jury commissioner. From a judgment in favor of the defendants, the plaintiff appeals. Affirmed.

The complaint in this action was demurred to on the ground that it does not state facts sufficient to constitute a cause of action, and from the judgment sustaining the demurrer this appeal has been taken. The complaint alleges that the plaintiff is a taxpayer of Kings county, and contains the usual allegations in a taxpayer's action in respect to his assessments and payment of taxes in that county. It alleges his appointment as commissioner of jurors on July 10, 1900, for a term which has not expired; his having qualified and entered upon the discharge of his official duties; that he is now engaged in the performance of such duties, and is in possession and control of the office and the books belonging to the same; that on April 29, 1901, the act to provide for the appointment of commissioner of jurors (chapter 602, Laws 1901) became a law; that the said act, in many respects, is unconstitutional and void; that the duties imposed upon the justices of

the appellate division of the supreme court, of appointing a commissioner of jurors, and other duties devolved upon them by the act, are in violation of the constitution; that these defendants, who are justices of the appellate division of the supreme court in the Second judicial department, threaten and intend to proceed, under the act, to appoint to the office of commissioner of jurors in Kings county a person to succeed the plaintiff, and that unless restrained by the judgment of this court from doing so, will make a void appointment of a person who will claim to be a commissioner of jurors and seek to exclude this plaintiff from that office, usurp the functions, and take possession of the books and papers belonging to the office; that the defendants, or a majority of them, also threaten and intend to fix the salary of the person to be appointed by them, and to consent to his appointing an assistant commissioner, clerks, stenographers, and messengers in his office, and fix their salaries or compensation, and authorize the commissioner to be appointed by them to expend funds and money of the county, to procure office room and furnish the same, together with books and supplies, as a charge against the county; that the said intended and threatened acts would be, on the part of the defendants, illegal official acts, and void; that if the defendants proceed, under the act, to appoint a commissioner, the person appointed under the act, and those appointed under the commissioner, will attempt to exercise the powers attempted to be conferred by the act, and great waste and injury will result to the property of the county; that the payment of all salaries provided by the act and all expenditures would be illegal, because made under an unconstitutional act, and great and irreparable injury will result to the plaintiff and to the people of Kings county because of such illegal acts, and the plaintiff would be excluded from his office and prevented from performing his duties. The judgment demanded is that the act, so far as it provides for the appointment by the justices of the appellate division of a commissioner, and the other duties imposed upon them by the act, shall be adjudged to be unconstitutional and void, and that the defendants may be enjoined and restrained from appointing a commissioner of jurors under the act, or from doing any other act or taking any other proceeding according to the provisions of the act.

Argued before PARKER, P. J., and EDWARDS, SMITH, CHASE, and HOUGHTON, JJ.

Robert H. Elder (Charles H. Hyde, of counsel), for appellant.

John C. Davies, Atty. Gen. (Frank S. Black and Henry W. Goodrich, of counsel), for respondents.

EDWARDS, J. I do not think that the appointment of a commissioner of jurors under the statute in question by the justices of the appellate division is a judicial act; and therefore the principle that an injunction will not issue against judicial officers to restrain them from the performance of their duties does not apply to this action. But, assuming the duty imposed to be nonjudicial, I am of opinion that the facts contained in the complaint are insufficient to maintain an action for an injunction.

So far as the action is an attempt of the plaintiff to try his title to office, it is clear that it is improper, as it is well settled that courts of equity will not try that question. Nor is the mere fact that the statute in question is unconstitutional a ground for injunctive relief. The plaintiff must go further, and must allege facts which show that by the threatened acts of the defendants the funds of the county will be wasted, or that he will suffer irreparable injury in his property rights. People v. Canal Board of New York, 55 N. Y. 394. There is an absence of such allegations.

It is true that the plaintiff alleges that if the defendants proceed under the act to appoint a commissioner of jurors great waste and injury will result to the property and funds of the county, and that great and irreparable injury will result to the plaintiff, and to the. people of the county of Kings. But these are conclusions only; no facts are set forth from which they may be deduced, or which show any well-grounded apprehension of such waste or irreparable injury. "Injury, material and actual, not fanciful or theoretical, or merely possible, must be shown, as the necessary or probable results of the action sought to be restrained." People v. Canal Board of New York, supra. The defendants are not the custodians of any of the funds of the county, nor have they the power to disburse such funds; and if their appointment of a commissioner would be void, as alleged by the plaintiff, it is not to be presumed that the disbursing officers of the county would commit the illegal act of paying any salaries or expenses incurred by the appointees. It is not alleged that the fiscal officers of the county threaten or intend to pay such salaries and expenses; nor does the complaint contain allegations of a well-grounded apprehension that they would do so. The court will not indulge the presumption that the disbursing officers of a county will permit what the plaintiff alleges to be illegal acts.

If the act, as alleged in the complaint, is unconstitutional, the appointment by the defendants would be no protection to the auditing and disbursing officers for paying the salaries and expenses. Should any attempt of that kind be made by them, the plaintiff has a perfect remedy against them. As was said by the court in People v. Canal Board of New York, supra:

"That no injury necessarily results from the action of the canal board is very evident; and it is equally apparent that no injury can possibly result to the state from the action of that body alone, without the concurrence of other facts not averred or proved, and without the action of other officials, who, it cannot be assumed, will do any act affecting the funds of the state, except as authorized by a law constitutionally valid."

The judgment should be affirmed, with costs. All concur.