In the Matter of the Application of JACOB BRENNER, as Commissioner of Jurors in the County of Kings, Appellant, to Compel the Delivery to him of the Books and Papers Belonging to Such Office, and now in Possession of WILLIAM E. MELODY, Respondent. (Proceedings 1 and 2.)

In the Matter of the Application of WILLIAM E. MELODY for a Writ of Mandamus, Respondent, against BIRD S. COLER, as Comptroller of the City of New York, Appellant.

WILLIAM E. MELODY, Appellant, v. WILLIAM W. GOODRICH et al., Justices of the Appellate Division of the Supreme Court in the Second Judicial Department, Respondents.

1. APPEAL — FINAL ORDER. An order of the Appellate Division reversing an order of the Special Term granting an application made under section 2471a of the Code of Civil Procedure to compel the delivery of books and papers to a public officer and which denied the application is a final order in a special proceeding and is reviewable by the Court of Appeals.

2. CONSTITUTIONAL LAW — COMMISSIONER OF JURORS OF KINGS COUNTY A COUNTY OFFICER — CONST. ART. 10, § 2. The office of commissioner of jurors in the county of Kings having been created by chapter 322 of the Laws of 1858, was a county office at the time the Constitution, of

1894 went into effect, and chapter 602 of the Laws of 1901, in so far as it transfers the power of appointing its incumbent from the local authorities to the justices of the Appellate Division of the Supreme Court in the second judicial department, and hence to state authorities, is in violation of section 2 of article 10 of the Constitution restricting the power of the legislature to appoint local officers and to provide for their appointment by central or state authority, and is unconstitutional and void.

3. PROCEEDINGS TO COMPEL DELIVERY OF BOOKS AND PAPERS TO PUBLIC OFFICER — CERTIFICATE OF APPOINTMENT NOT PRIMA FACIE EVIDENCE OF RIGHT THERETO.    A certificate of appointment to public office made under and pursuant to a statute does not establish a *prima facie* right to the office and to the books and papers pertaining thereto so as to prevent the question of the validity of the statu e from being raised and decided in proceedings under section 2471a of the Code of Civil Procedure to compel the delivery of the books and papers to the appointee, and, if the statute is void, no rights are conferred thereby and the application must be denied.

*Matter of Brenner*, 67 App. Div. 375, affirmed
*Matter of Brenner*, 67 App. Div. 638, appeal dismissed.
*Matter of Melody*, 67 App. Div. 628, affirmed.
*Melody* v. *Goodrich*, 67 App. Div. 368, affirmed.

(Argued February 11, 1902; decided March 14, 1902.)

APPEAL, in the first-entitled proceeding, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 24. 1902, which reversed an order of Special Term committing the respondent herein to the Kings county jail until he delivered to the petitioner the books and papers belonging to the office of commissioner of jurors of Kings county.

Appeal, in the second-entitled proceeding, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 24, 1902, which affirmed an order of Special Term staying all proceedings under an order committing the respondent herein to the Kings county jail until the decision of an appeal from such order.

Appeal, in the third-entitled proceeding, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 24, 1902, which affirmed an order of Special Term granting a peremptory writ of mandamus to compel the comptroller of the city of New York to

approve a voucher for the payment of salary due the petitioner as commissioner of jurors of Kings county.

Appeal, in the fourth-entitled proceeding, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 21, 1902, which affirmed a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The facts, so far as material, are stated in the opinion.

*Frank S. Black* and *Henry W. Goodrich* for appellant in first and second proceedings. Section 2471a of the Code of Civil Procedure was not intended to provide a mode of trying title to office. The applicant, upon production of a certificate of appointment and proof of qualification, established a *prima facie* right to the office, and was thereupon entitled to the books and papers appertaining thereto. (*Matter of Foley*, 28 N. Y. Supp. 611; *Matter of Bradley*, 141 N. Y. 527; *Matter of Sells*, 15 App. Div. 571; *Havemeyer* v. *Ingersoll*, 12 Abb. Pr. [N. S.] 301; *Brien* v. *Clay*, 1 E. D. Smith, 649; *Deering* v. *Y., etc., R. Co.*, 31 Me. 172; *Lathrop* v. *Stedman*, 42 Conn. 583; *Moore* v. *Veazie*, 31 Me. 360; *Parker* v. *State*, 5 Tex. App. 579; *Matter of Harris*, 47 Mo. 164.) The act of the legislature authorizing the appointment of a commissioner of jurors by the justices of the Appellate Division is constitutional. (*N. Y. & O. M. R. Co.* v. *Van Horne*, 57 N. Y. 473; *People* v. *Board of Supervisors*, 147 N. Y. 1; *People* v. *Rice*, 135 N. Y. 473; *People ex rel.* v. *Dayton*, 55 N. Y. 367; *People ex rel.* v. *Murray*, 149 N. Y. 367; *People ex rel.* v. *Dunlop*, 66 N. Y. 162; *Taylor* v. *Mayor, etc.*, 67 N. Y. 87; *Mayor* v. *T. Nat. Bank*, 111 N. Y. 446; Cooley on Const. Lim. 226; *People* v. *Hurlbut*, 24 Mich. 44; *Maxmilian* v. *Mayor, etc.*, 62 N. Y. 160.)

*Robert H. Elder* and *Charles H. Hyde* for respondent in first and second proceedings. The official duties and functions of the commissioner of jurors of Kings county have existed and have been exercised as a county function and through a

county officer both before the Constitution of 1846 and that of 1894, and the act in question does not create a new office. (2 R. S. 411; L. 1847, ch. 5; L. 1853, ch. 338; L. 1858, ch. 322; L. 1862, ch. 378; L. 1866, ch. 821; L. 1870, ch. 315; Code Civ. Pro. §§ 1035, 1062, 1063, 1071, 1132; *People* v. *Dunn*, 157 N. Y. 528; *Dolan* v. *People*, 64 N. Y. 485.) There has never been a time, since the Constitution of 1846, that the legislature could make any law to withdraw the official functions and duties of commissioner of jurors of Kings county from the exercise and control of the county. (Const. of 1846, art. 10, § 2; Const. of 1894, art. 10, § 2; *People* v. *Potter*, 47 N. Y. 375; Code Civ. Pro. § 3343, subd. 22; L. 1892, ch. 677, § 9; *Wynehamer* v. *People*, 13 N. Y. 426; *Riggs* v. *Shannon*, 27 Abb. [N. C.] 456; *Rathbone* v. *Wirth*, 6 App. Div. 277; 150 N. Y. 459; *Colon* v. *Lisk*, 153 N. Y. 188; 13 App. Div. 202.) The appointing officials designated in this act are state officers. (Const. art. 6; L. 1892, ch. 681, § 2.)

*George L. Rives*, Corporation Counsel (*James McKeen* of counsel), for appellant in third proceeding.

*Robert H. Elder* and *Charles H. Hyde* for respondent in third proceeding.

*Robert H. Elder* and *Charles H. Hyde* for appellant in fourth proceeding.

*John C. Davies*, Attorney-General (*Frank S. Black* and *Henry W. Goodrich* of counsel), for respondents in fourth proceeding.

O'BRIEN, J. The order from which this appeal was taken reversed an order of the Special Term, which directed that William E. Melody, then in possession of the office of commissioner of jurors of the county of Kings, be committed to the county jail until he should deliver to Jacob Brenner, the petitioner, the books and papers pertaining to that office, the latter claiming to have been appointed to the office under the

provisions of chapter 602 of the Laws of 1901.  The learned
court below not only reversed the original order in favor of
the petitioner, but denied his application for the books and
papers.  It was, therefore, a final order in a special proceed-
ing instituted under section 2174a of the Code, and so
reviewable in this court.

The appeal involves the question as to the constitutional
validity of the statute above referred to, under which the
petitioner was appointed, and the learned court below has
held that it is in conflict with section two, article ten of the
Constitution, and, therefore, void.  This section contains a
clear and very important restriction upon the power of the
legislature to appoint local officers and to provide for their
appointment by any central or state authority.  It provides
as follows: "All county officers, whose election or appoint-
ment is not provided for by this constitution, shall be elected
by the electors of the respective counties or appointed by the
boards of supervisors, or other county authorities, as the legis-
lature shall direct.  *  *  *  All other officers, whose election
or appointment is not provided for by this constitution, and
all officers, whose office may hereafter be created by law, shall
be elected by the people, or appointed, as the legislature may
direct."  The scope and meaning of this constitutional provis-
ion has frequently been the subject of discussion in this court.
It was said by Judge ALLEN in the case of *People ex rel. Bol-
ton* v. *Albertson* (55 N. Y. 50) that the purpose and object of
this section, as is very obvious, "was to secure to the several
recognized civil and political divisions of the state the right of
local self-government, by requiring that all county, city, town
and village officers, whose election or appointment was not
provided for by the Constitution, save those whose offices
might thereafter be created by law, should be elected by the
electors of the respective municipalities, or appointed by such
authorities thereof as the legislature should designate.  As to
offices known and in existence at the time of the adoption of
the Constitution this provision is absolute in its prohibition of
an appointment by the general government or its authority,

or by any body other than the local electors, or some local
authority designated by law.   *   *   *   The Constitution
cannot be evaded by a change in the name of an office, nor
can an office be divided and the duties assigned to two or more
officers under different names, and the appointment to the
offices made in any manner except as authorized by the Con-
stitution ; and courts will scrutinize acts of the legislature and
see that the Constitution is not evaded and its intent frustrated
by a mere colorable change in the designation and title or the
duties of an officer, when the appointment is taken from the
locality, and will hold the act void unless the change is real
and substantial." This exposition of the scope and purpose of
that part of the Constitution has been steadily adhered to by
this court. That it contains a sound and correct statement of
the law on the subject is, we think, not open to question.
(*Rathbone* v. *Wirth*, 150 N. Y. 459.)

It is the first sentence of the section that is applicable to
this case, and it is settled that the officers there mentioned and
designated are those existing under actual laws of the state at
the time the present Constitution went into effect; that is,
such county officers as existed under actual laws on and
prior to January first, 1895. It was not competent for the
legislature to provide for the appointment of such officers
after that date otherwise than by and through some county
authority (*People ex rel. Wood* v. *Draper*, 15 N. Y. 532 ; *Peo-
ple* v. *Pinckney*, 32 N. Y. 377), and the restriction cannot be
evaded by changing the name of the office, or by some
colorable modification of the functions of the officer as they
existed at the time of the adoption of the Constitution.
(*People* v. *Raymond*, 37 N. Y. 428.) If the commissioner
of jurors of the county of Kings was a county officer at the
time of the adoption of the present Constitution, the slight
modifications, if any, contained in the statute now under
review, are immaterial, and the nature and character of the
office has not been changed, but it still remains an old office
and not a new one. Whatever the nature and character of
the office was at the time the present Constitution went into

effect, that is its nature and character now, since the sub-
stantial duties and functions of the officer were not changed
by the recent statute, nor even his title.    But it is not claimed
in this case that the statute in question creates any new office,
and it is admitted that the power to appoint to it, which is
vested in the judges of the Appellate Division of the second
department, has been conferred upon a state and not a county
authority by the statute now under consideration, and, hence,
the law is in conflict with the Constitution if the office of
commissioner of jurors was at the time that the present Con-
stitution went into effect a county office.    All the learned
judges in the court below who have passed upon that ques-
tion in this case held that it was, except the learned judge
at Special Term who granted the application, and he did not
attempt to give to it any distinct classification, but held that
the commissioner was an aid to the court in the selection of
jurors in the general administration of justice.    It is obvious,
however, that it was either a county or state office, and the
fact that the commissioner participated in some sense minis-
terially in the operation of the judicial machinery throws no
light upon the question.    All that is equally true of the
county clerk and the sheriff, and no one would claim that
either of these officers was for that reason anything but a
county officer, so that the connection between the office and
the courts has no bearing on that question.    The ministerial
duties that such local officer may be called upon to perform
in the administration of justice does not detract in the least
from his real character as a county officer.

   The office of commissioner of jurors in the county of Kings
was created by chapter 322 of the Laws of 1858.    Prior to
that time it may be that there was no distinctively county
office of that character, but it was certainly competent for the
legislature to create it and make it thereafter a county office,
(*People ex rel. Taylor* v. *Dunlap*, 66 N. Y. 162), and that is,
we think, precisely what was accomplished by that statute.
Reading the title of that statute, and its various provisions pre-
scribing the duties of the officer, it would be difficult to con-

ceive of anything more that the legislature could have done than was enacted to give to the commissioner the distinctive character of a county officer, and he has retained that character ever since.    The legislature then exercised its undoubted power to abolish the methods of selecting jurors by an irregular board of town or county officers and vested these duties in a single individual to be known as a commissioner of jurors.    The commissioner was then made a county officer and has continued in that character ever since, and was such at the time the present Constitution went into effect.    The power of appointment was conferred upon county authorities except during the brief period following the amendment (Chapter 821 of the Laws of 1866), when the judge of the City Court of Brooklyn was added to the sheriff, county judge and district attorney as the board vested with the appointing power.    But this board as so constituted was changed subsequently (Chapter 315 of the Laws of 1870), and the power of appointment conferred upon the county judge, surrogate and county treasurer, where it has remained ever since so far as appears.    So that when the present Constitution went into effect, there was in the county of Kings a distinctively county officer, created by statute, the appointment of which was vested by law in a board composed of distinctively county officers.    The statute of 1901 conferring the power of appointment of this same officer upon the judges of the Appellate Division is, we think, in conflict with the Constitution, since it changed the power of appointment from a county to a state authority.

We are aware that various statutes have been enacted since the present Constitution went into effect, applicable to other counties of the state, providing for the appointment of an officer charged with the duties of selecting, summoning and drawing jurors, being duties analogous to those performed by the commissioner in the county of Kings.    These statutes are not necessarily affected by our decision in this case.    We are dealing now only with a statute which provides for the appointment of a county officer by state authority, and the argument has no application to other statutes applicable to counties

where there was no such county office when the Constitution went into effect, or if there was the appointing power is still left with the county authorities. It may be that the conditions in the county of Kings with respect to this office when the Constitution took effect were exceptional, in that the office had been made a county office by statute many years before, and, hence, the views here expressed apply only to such a case as is presented by this record. The cases of *People* v. *Dunn* (157 N. Y. 528) and *People* v. *Hall* (169 N. Y. 184) have no application to the question involved in this case, for the plain reason that in neither case was it claimed that the statute was at all in conflict with section two of article ten of the Constitution, or that any county officer had been displaced, or his appointment transferred to any state authority. In these cases other constitutional questions were involved, discussed and decided, but the question with which we are now concerned on this appeal was not touched at all, nor does it appear to have been involved.

The learned counsel for the petitioner contends that the validity of this statute, or the petitioner's title to the office, cannot be raised or decided in this proceeding. It is quite true that the title to the office cannot be regularly tried or decided except in an action in the nature of a *quo warranto*, but the petitioner was not entitled to the order that he applied for until he made out a *prima facie* right to the possession of the books and papers, and that right is not made out by the production of the certificate of his appointment. That certificate is not evidence of any right to demand the books and papers unless there was some valid law conferring authority upon the judges to make it. The old incumbent had the right to refuse to deliver the books and papers at his peril and thus challenge the validity of the law upon which the whole proceeding rests. When the petitioner applied to the court for an order virtually to put him in possession of the office by transferring to him the custody and possession of the records, and that application was resisted by the incumbent under the old law, the validity of the new statute was necessarily raised,

13

since until that question was decided the court could not determine the evidentiary value of the certificate of appointment. The petitioner did not make a *prima facie* case by presenting a certificate made under and pursuant to a statute in conflict with the Constitution: Such a law is simply void. It confers no rights, imposes no duties, confers no protection, creates no office, and in legal contemplation is as inoperative for any purpose as if it had never been passed. (*Norton* v. *Shelby County*, 118 U. S. 425.) The petitioner, therefore, established no *prima facie* right to have the possession of the books and papers, since the statute in so far as it was sought to be applied to Kings county, was void.

This controversy involves four distinct appeals to this court on four different records and all argued together. They all present the same question, and the other three are really adjuncts to this proceeding, and so can be finally disposed of in this decision. Our conclusions in regard to them are:

(1) That the final order in this proceeding, reversing the Special Term, should be affirmed, with costs.

(2) That the order of Justice GAYNOR, staying the proceedings upon the original order of the Special Term, was not a final order in a special proceeding, and, moreover, involved the exercise of discretion. The order affirming it below is not reviewable in this court, and the appeal from it should be dismissed, without costs.

(3) The order granting a mandamus against the comptroller to pay the incumbent of the office under the old law his salary was within the power of the court at Special Term, and having been affirmed on appeal, that order of affirmance should be affirmed here, with costs.

(4) Melody, the incumbent under the old law, brought a taxpayer's action against the judges to restrain them from making any appointment under the new law, but it seems that the preliminary injunction was dissolved and the appointment made. There was a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, which has been sustained by the courts below,

on the ground that the allegations as to waste and contem-
plated illegal action were insufficient without passing upon
the validity of the statute.   We think, without discussing the
point, that the complaint was open to that objection, and
since the purpose of the action is superseded by the decision
in this proceeding, and as the action itself no longer involves
any substantial question of fact or law, we are inclined to con-
cur with the courts below in the decision upon the demurrer,
and so the final order sustaining the demurrer in that action
should be affirmed, without costs to either party.

PARKER, Ch. J., GRAY, CULLEN and WERNER, JJ., concur;
BARTLETT and HAIGHT, JJ., dissent.

Ordered accordingly.