J. WARREN GREENE, Respondent, *v.* CHARLES H. KNOX and Others, Defendants, Impleaded with EDWARD A. GAUS and Others, Appellants.

*Taxpayer's action — not maintainable on the ground that a police board made false returns to the civil service commissioners as to certain sergeants promoted to the position of captain in the police force — allegations as to waste — remedy by quo warranto.*

A taxpayer of the city of New York cannot maintain an action, under section 1925 of the Code of Civil Procedure, to procure an adjudication that the appointment of several police captains, who had been promoted from the position of police sergeants and who were actually performing duty as captains, was void and to restrain the payment of salaries to such persons, where it appears that the promotions were made after a civil service examination, and that the only attack upon the legality of such promotions is that, when the civil service commissioners applied to the police board for information as to the standing of the police sergeants who were candidates for promotion, the police board, without so far as appeared any collusion on the part of the civil service commissioners or the police captains in question, made false returns which gave to the latter an undue advantage in the examinations, and where there is no allegation in the complaint that the promotion of such police sergeants to the position of captain has resulted or will result in "waste of, or injury to, the estate, funds or other property of" the city of New York.

An allegation in the complaint that " the City of New York and its citizens, including this plaintiff, are damaged thereby," does not state facts justifying the inference that the payment of salaries to such police captains would constitute "waste of, or injury to, the estate, funds or other property" of the city of New York.

In such a case the plaintiff has a complete and adequate remedy by an action in the nature of quo warranto under section 1948 of the Code of Civil Procedure.

APPEAL by the defendants, Edward A. Gaus and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of January, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling the demurrers of certain defendants to the complaint.

*William C. De Witt,* for the appellant Gaus.

*Abram I. Elkus* [*Edward Dienst* with him on the brief], for the appellants Gannon and Lantry.

*Edward M. Shepard* [*A. W. Cooley* and *Samuel H. Ordway* with him on the brief], for the respondent.

WOODWARD, J.:

The plaintiff brings this action as a taxpayer under the provisions of section 1925 of the Code of Civil Procedure against Charles H. Knox, William N. Dykman and Alexander T. Mason, as civil service commissioners of the city of New York; Bird S. Coler, as comptroller of the city of New York; Michael C. Murphy, as police commissioner of the city of New York, and Edward A. Gaus, James Gannon and John J. Lantry, as police captains, and demands judgment that the "promotion and appointment of the defendants Edward A. Gaus, James Gannon and John J. Lantry, as captains in the police department of the city of New York, and each of them, be set aside and declared null and void," and that the civil service commissioners named, as well as the police commissioner, be restrained from certifying the payrolls for the three defendants above mentioned, and that the comptroller be enjoined and restrained from paying these three defendants their salaries as captains of police. Gaus, Gannon and Lantry, who are the real defendants, demur to the complaint upon the grounds that the plaintiff has not legal capacity to sue, in that no authority is by law conferred upon a taxpayer to bring and maintain an action of the character stated in the complaint; that the complaint does not state facts sufficient to constitute a cause of action, and that causes of action have been improperly united. The learned court at Special Term has overruled these demurrers, and from the interlocutory judgment entered appeal comes to this court.

We are of opinion that the learned court erred in this disposition of the demurrers. There is no allegation in the complaint that the appointment of these three defendants, who were promoted from police sergeants to captains, has resulted or will result in "waste of, or injury to, the estate, funds or other property of" the city of New York, and without such an allegation the complaint does not state facts which would entitle a taxpayer to interfere. (*Johnston* v. *Garside*, 65 Hun, 208, 210.) "Full force and effect can be given to the statute by confining it to a case where the acts complained of are without power, or where corruption, fraud or bad faith, amounting to fraud, is charged," say the court in *Talcott* v. *City of Buffalo* (125 N. Y. 280, 288). "Any other construction," continue the court, "would subject the discretionary

action of all local officers and municipal bodies to review by the courts at the suit of the taxpayers, a result which would burden the courts with litigation, without increasing the efficiency of local administration." The mere allegation of the pleader that "the city of New York and its citizens including this plaintiff are damaged thereby," does not state facts which would justify the inference that the payment of salaries to these defendants would constitute "waste of, or injury to, the estate, funds, or other property" of the city of New York (*Melody* v. *Goodrich,* 67 App. Div. 368, 371), for it is not suggested that it was not lawful to promote and appoint to the positions held by them, and the only suggestion of corrupt or vicious conduct is that alleged to have been taken by the old police board in improperly rating the standing of these defendants in a civil service examination. There is no charge or suggestion that this action on the part of the police board was due to any fraud or collusion on the part of the defendants who are before this court, or that they knew of any such alleged misconduct on the part of the police board. So far as appears from the pleadings, the defendants were among a number of police sergeants who underwent an examination for promotion to the position of captain; they received markings which entitled them to certification upon the list of eligibles and they were duly appointed from such eligible lists, and have entered upon the discharge of the duties to which they have been appointed. This examination was conducted by the municipal civil service commission, and the only charge of conduct of a fraudulent nature is that the police board, to whom the civil service commissioners applied for information as to the standing of the applicants, made returns which gave to these defendants an undue advantage in the examinations. There is no allegation that the civil service commissioners knew that these reports were false and untrue, or that they in any wise connived at such alleged untrue statements, or that these defendants were in any way involved in the alleged fraudulent transaction. Under these circumstances, we are unable to discover that the plaintiff, as a taxpayer, has pleaded a cause of action as against the demurring defendants. If the appointments were made without authority of law, or if the defendants had been guilty of bad faith, amounting to fraud, there would be some reason for holding that a good cause of action was stated in the complaint., but, in the absence of facts

from which such an inference may be properly drawn, we fail to see what right a taxpayer has to maintain this action. The defendants are holding positions to which they have been appointed under the forms of law; they are holding office under color of right, and the question of the title to the office is the one which is in fact involved. The appropriate remedy, and an adequate one, is by information in the nature of quo warranto (*Matter of Hart*, 159 N. Y. 278, 286, and authority there cited), and the courts have long held to the doctrine that this was the only proper method of trying the title to an office. (*Johnston* v. *Garside*, 65 Hun, 208, 211, and authorities there cited; *People ex rel. Wren* v. *Goetting*, 133 N. Y. 569, 570, and authorities there cited; *People ex rel. Nicholl* v. *New York Infant Asylum*, 122 id. 190, 197, and authorities there cited; *Stuber* v. *Coler*, 164 id. 22, 24; *Matter of Brenner*, 170 id. 185, 193.) The rule is laid down by Mechem in his work on Public Offices and Officers (cited with approval in *People ex rel. Lewis* v. *Brush*, 146 N. Y. 60, 63) that "The proceeding by quo warranto is the proper and appropriate remedy for trying and determining the title to a public office, and of ascertaining who is entitled to hold it; of obtaining the possession of an office to which one has been legally elected and has become duly qualified to hold, and also of removing an incumbent who has usurped it, or who claims it by an invalid election, or who illegally continues to hold it after the expiration of his term," and section 1948 of the Code of Civil Procedure provides that "The attorney-general may maintain an action upon his own information, or upon the complaint of a private person, * * * against a person who usurps, intrudes into, or unlawfully holds or exercises within the State, a franchise or a public office, civil or military, or an office in a domestic corporation." If the defendants now before this court have been legally inducted into office they are entitled to receive their compensation, and the facts alleged in the complaint, not showing that any waste or injury to the estate, funds or other property of the city of New York is to follow the payment of such salaries, or that their appointments were without authority of law, the plaintiff in the present action cannot be permitted to try the title by which their positions are held. He has a complete and adequate remedy under the provisions of section 1948 of the Code of Civil Procedure, and the courts ought not, as suggested in *Talcott*

v. *City of Buffalo* (*supra*), to be burdened with reviewing the discretionary powers of civil service commissioners and other local officials (*Keim* v. *United States*, 177 U. S. 290, 296) in actions of this character. (See *People ex rel. Buckley* v. *Roosevelt*, 19 App. Div. 431; *People ex rel. Requa* v. *Neubrand*, 32 id. 49, 51; *People ex rel. Faile* v. *Ferris*, 76 N. Y. 326, 328, 329; *Matter of Hart*, 159 id. 278, 285, 286.)

The interlocutory judgment appealed from should be reversed, with costs, and the demurrers to the complaints should be allowed.

All concurred.

Interlocutory judgment reversed, with costs, and demurrers to the complaint sustained, with costs.