GREENE v. KNOX et al.

(Supreme Court, Appellate Division, Second Department. November 21, 1902.)

1. MUNICIPAL CORPORATIONS—POLICE APPOINTMENT—CIVIL SERVICE—UNAUTHORIZED PROMOTION—TAXPAYERS' ACTIONS—QUO WARRANTO.

Code Civ. Proc. § 1925, provides that an action to obtain a judgment preventing waste or injury to the property of a city may be maintained against any officer, commissioners, etc., by any taxpayer. Section 1948 provides that the attorney general may maintain an action on the complaint of a private person against any person usurping or unlawfully holding an office. Plaintiff sued to have the promotion and appointment of certain police captains declared void; and the comptroller enjoined from paying them salaries as captains, etc. There was no allegation that the appointment would result in waste, etc., to the city, and the ground of the complaint was that the police board had given the civil service commissioners returns as to the captains that gave them advantages in examinations to which they were not entitled. No fraud on the part of the captains or commissioners was alleged. *Held*, that the action would not lie under section 1925, but the remedy was a proceeding under section 1948.

Appeal from special term, Kings county.

Action by J. Warren Greene against Charles H. Knox and others, as civil service commissioners of New York City, and others. From a judgment overruling the demurrer of certain defendants, they appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD and HIRSCHBERG, JJ.

William C. Dewitt, for appellant Gaus.

Abram I. Elkus (Edward Dienst, on the brief), for appellants Gannon and Lantry.

Edward M. Shepard (A. W. Cooley and Samuel H. Ordway, on the brief), for respondent.

WOODWARD, J. The plaintiff brings this action as a taxpayer, under the provisions of section 1925 of the Code of Civil Procedure, against Charles H. Knox, William N. Dykman, and Alexander T. Mason, as civil service commissioners of the city of New York, Bird S. Coler, as comptroller of the city of New York, Michael C. Murphy, as police commissioner of the city of New York, and Edward A. Gaus, James Gannon, and John J. Lantry, as police captains; and demands judgment that the "promotion and appointment of the defendants Edward A. Gaus, James Gannon, and John J. Lantry as captains in the police department of the city of New York, and each of them, be set aside, and declared null and void," and that the civil service commissioners named, as well as the police commissioner, be restrained from certifying the pay rolls for the three defendants above mentioned, and that the comptroller be enjoined and restrained from paying these three defendants their salaries as captains of police. Gaus, Gannon, and Lantry, who are the real defendants, demur to the complaint upon the grounds that the plaintiff has not legal capacity to sue, in that no authority is by law conferred upon a taxpayer to bring and maintain an action of the character stated in the complaint; that the complaint does not state facts sufficient to constitute a cause of action; and that causes of action have been improperly united. The learned court at special term has overruled these demurrers, and from the interlocutory judgment entered appeal comes to this court.

We are of opinion that the learned court erred in this disposition of the demurrers. There is no allegation in the complaint that the appointment of these three defendants, who were promoted from police sergeants to captains, has or will result in "waste of, or injury to, the estate, funds, or other property of" the city of New York, and without such an allegation the complaint does not state facts which would entitle a taxpayer to interfere. Johnston v. Garside, 65 Hun, 208, 210, 20 N. Y. Supp. 327. "Full force and effect can be given to the statute by confining it to a case where the acts complained of are without power, or where corruption, fraud, or bad faith, amounting to fraud, is charged," say the court in Talcott v. City of Buffalo, 125 N. Y. 280, 281, 26 N. E. 263, 265. "Any other construction," continue the court, "would subject the discretionary action of all local officers and municipal bodies to review by the courts at the suit of the taxpayers,—

a result which would burden the courts with litigation, without increasing the efficiency of local administration." The mere allegation of the pleader that "the city of New York and its citizens, including this plaintiff, are damaged thereby," does not state facts which would justify the inference that the payment of salaries to these defendants would constitute "waste of or injury to the estate, funds, or other property" of the city of New York (Melody v. Goodrich, 67 App. Div. 368, 371, 73 N. Y. Supp. 741); for it is not suggested that it was not lawful to promote and appoint to the positions held by them, and the only suggestion of corrupt or vicious conduct is that alleged to have been taken by the old police board in improperly rating the standing of these defendants in a civil service examination. There is no charge or suggestion that this action on the part of the police board was due to any fraud or collusion on the part of the defendants who are before this court, or that they knew of any such alleged misconduct on the part of the police board. So far as appears from the pleadings, the defendants were among a number of police sergeants who underwent an examination for promotion to the positions of captain. They received markings which entitled them to certification upon the list of eligibles, and they were duly appointed from such eligible lists, and have entered upon the discharge of the duties to which they have been appointed. This examination was conducted by the municipal civil service commission, and the only charge of conduct of a fraudulent nature is that the police board, to whom the civil service commissioners applied for information as to the standing of the applicants, made returns which gave to these defendants an undue advantage in the examinations. There is no allegation that the civil service commissioners knew that these reports were false and untrue, or that they in any wise connived at such alleged untrue statements, or that these defendants were in any way involved in the alleged fraudulent transaction. Under these circumstances, we are unable to discover that the plaintiff, as a taxpayer, has pleaded a cause of action as against the demurring defendants. If the appointments were made without authority of law, or if the defendants had been guilty of bad faith, amounting to fraud, there would be some reason for holding that a good cause of action was stated in the complaint; but, in the absence of facts from which such an inference may be properly drawn, we fail to see what right a taxpayer has to maintain this action. The defendants are holding positions to which they have been appointed under the forms of law. They are holding office under color of right, and the question of the title to the office is the one which is in fact involved. The appropriate remedy, and an adequate one, is by information in the nature of quo warranto (In re Hart, 159 N. Y. 278, 286, 54 N. E. 44, and authority there cited), and the courts have long held to the doctrine that this was the only proper method of trying the title to an office (Johnston v. Garside, 65 Hun, 208, 211, 20 N. Y. Supp. 327, and authorities there cited; People v. Goetting, 133 N. Y. 569, 570, 30 N. E. 968, and authorities there cited; People v. New York Infant Asylum, 122 N. Y. 190, 197, 25 N. E. 241, 10 L. R. A. 381, and authorities there cited; Stuber v. Coler, 164 N. Y. 22, 24, 58 N. E. 17; In re Brenner, 170 N. Y. 185, 193, 63 N. E. 133). The rule is laid

down by Mechem in his work on Public Offices and Officers (cited with approval in People v. Brush, 146 N. Y. 60, 63, 40 N. E. 502), that (section 478):

"The proceeding by quo warranto is the proper and appropriate remedy for trying and determining the title to a public office and of ascertaining who is entitled to hold it; of obtaining possession of an office to which one has been legally elected, and has become duly qualified to hold; and also of removing an incumbent who has usurped it, or who claims it by an invalid election, or who illegally continues to hold it after the expiration of his term."

And section 1948 of the Code of Civil Procedure provides that:

"The attorney-general may maintain an action, upon his own information, or upon complaint of a private person, * * * against a person who usurps, intrudes into, or unlawfully holds or exercises within the state, a franchise or a public office, civil or military, or an office in a domestic corporation."

If the defendants now before this court have been legally inducted into office, they are entitled to receive their compensation, and, the facts alleged in the complaint not showing that any waste or injury to the estate, funds, or other property of the city of New York is to follow the payment of such salaries, or that their appointments were not without authority of law, the plaintiff in the present action cannot be permitted to try the title by which their positions are held. He has a complete and adequate remedy under the provisions of section 1948 of the Code of Civil Procedure, and the courts ought not, as suggested in Talcott v. City of Buffalo, supra, to be burdened with reviewing the discretionary powers of civil service commissioners and other local officials (Keim v. U. S., 177 U. S. 290, 296, 20 Sup. Ct. 574, 44 L. Ed. 774) in actions of this character. See People v. Roosevelt, 19 App. Div. 431, 46 N. Y. Supp. 517; People v. Neubrand, 32 App. Div. 49, 51, 52 N. Y. Supp. 280; People v. Ferris, 76 N. Y. 326, 328, 329; In re Hart, 159 N. Y. 278, 285, 286, 54 N. E. 44.

The interlocutory judgment appealed from should be reversed, with costs, and the demurrers to the complaints should be allowed. All concur.