### DETERMINED IN THE

# SECOND DEPARTMENT

### AT

# GENERAL TERM,

## June, 1895.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THEODORE A. DRAKE, Respondent, v. JOHN R. SUTTON and Others, Board of Audit of the City of Brooklyn, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. DANIEL O'REILLY, Respondent, v. THE SAME, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK A. DAVIS, Respondent, v. THE SAME, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. BROWN, Respondent, v. THE SAME, Appellants.

*Veteran volunteer firemen — holding positions as clerks can be discharged only for cause — mandamus their proper remedy to secure reinstatement — chap. 577 of 1892.*

The rule that courts will not, at the instance of a person out of possession of an office, try the title to the office by mandamus, but will leave the party to his remedy by writ of quo warranto, has reference to public officers created by law and is not applicable to clerks or employees unlawfully removed from their positions by their superiors.

Under chapter 577 of the Laws of 1892 veteran volunteer firemen holding positions by appointment in a city for an indefinite time, and not being persons excepted by the statute from its operation, if removed from their positions without cause, may properly seek reinstatement by mandamus.

A person who is appointed a clerk, under a city charter which confers upon the heads of city departments power to appoint and remove clerks and fix their salaries, performs duties of a public character, but he cannot be said to hold a public office existing solely by force of a statute.

Appeals by the defendants, John R. Sutton and others, board of audit of the city of Brooklyn, from orders of the Supreme Court in four cases, each made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 30th day of April, 1895, granting the motions of the several relators and ordering that a peremptory writ of mandamus issue in each case commanding the defendants forthwith to restore and reinstate the relators to the positions and clerkships held by them under the board of audit of the city of Brooklyn previous to the 30th of January, 1895; to permit them to perform their duties as clerks; to assign them to duty, and to allow them to receive the salary, emoluments and compensation attached to their positions.

*Thomas F. Magner*, for the appellants.

*Charles J. Patterson*, for the respondents.

Brown, P. J.:

The relators are all veteran volunteer firemen of the city of Brooklyn, and prior to January 31, 1895, were clerks in the board of audit of that city and on that day were discharged.

By chapter 577, Laws of 1892, veteran volunteer firemen holding positions by appointment in any city of this State, and receiving a salary from such city, cannot be removed from their positions except for cause after a hearing had, unless they hold their positions for a definite term, or fill the position of private secretary, chief clerk or deputy to an official or department, or hold confidential relations to the appointing officer. The appellants claimed that the relator Brown was a chief clerk to the board of audit, and, therefore, not within the protection of the act in question. This claim is not sustained by the papers before us. The affidavit of the comptroller is, that the said relator was secretary to the board of audit. We are not referred to any provision of the charter creating such an office. The resolution of the board under which the relator was discharged and the notice delivered to him of his discharge designated him as an " account clerk." And there are no facts set forth in relation to his duties showing him to have been other than a clerk. If he acted as secretary of the board of audit that fact did not make him a chief clerk or deputy in the department.

In Davis' case there was an affidavit by the comptroller that he

had been informed that the relator was not a veteran fireman. No issue of fact was raised by this affidavit. The relator's certificate of discharge was set forth in the moving affidavits, and there was no denial of its validity. In all other respects the several cases are alike and may be considered together.

. We are of the opinion that the relators bore no confidential relations to the board of audit or to any member thereof. Their services were wholly of a public character, and they bore no personal relations to any member of the board. In order to fall within the exception of the statute the relations between the clerk and the appointing officer must be of a personal nature. The performance of official duties does not establish a confidential relation to the head of the department. In these cases the duties performed by the relators are enumerated in the petitions and not denied in the answering affidavits, and the question whether they were, in character, official or confidential was one for the court to determine.

We are also of the opinion that the relators were clerks and not incumbents in a public office, and that mandamus was the proper proceeding to restore them to their positions. The rule that courts will not, at the instance of a person out of possession of an office, try the title thereto by mandamus, but will leave the party to his remedy by writ of quo warranto has reference to public officers created by law, and is not applicable to clerks or employees unlawfully removed from their positions by superior authority.

The case of *People ex rel. Wren* v. *Goetting* (133 N. Y. 569), cited by the appellants, involved the title to the office of clerk of a Police Court, an office which was created and existed by force of a statute of this State, and such are all the cases to which my attention has been directed, and in which the rule was applied. But it is very plain that quo warranto would not lie to try the right to a clerkship in the public service. Such positions do not exist solely by force of law, but by the will and discretion of the appointing officer.

Title 3, section 2, of the charter of the city of Brooklyn (Chap. 583 of the Laws of 1888) confers upon the heads of the departments power to appoint and remove clerks and their assistants and other subordinates and to fix their salaries. While the incumbents of such positions perform duties of a public character, they do not hold a public office as that term is used in the case referred to.

It follows from these views that the relators' cases fell within the provisions of chapter 577, Laws of 1892, and as they were not appointed for a definite time, their discharge without a hearing and for no assigned cause was illegal.

They have a clear legal right to be restored to their positions.

Mandamus is the only remedy adequate to repair the wrong done them, and the orders must be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Orders affirmed, with costs.