PER CURIAM.
In January, 1895, the relator, who was a veteran fireman, held the position of assistant warrant clerk in the office of the comptroller of the city of Brooklyn. He was removed from that position by the comptroller, without cause shown or hearing had; and, to procure his reinstatement, he instituted this mandamus proceeding. An alternative writ was granted, to which a return was made, setting up, by way of defense, that the-comptroller, prior to the service of the papers herein, had no-knowledge whatever that the relator was or claimed to be a veteran fireman, or entitled to any privileges under chapter 577 of the Laws of 1892; and, furthermore, that the relator’s position was a confidential relation to the appointing officer, and therefore excepted from the operation of that statute. When the issue ■thus joined came on to be tried, the justice who presided at the trial held, as matter of law, that the relator did not occupy any confidential relation to the comptroller, but the court submitted to the jury the question whether he had waived any of his rights- and privileges, under chapter 577 of the Laws of 1892, by any action or want of action on his part. This question the jury answered in the negative. They also assessed the relator’s damages under section 2088 of the Code of Civil Procedure, in the sum of $1,375. From the final order entered upon this verdict, as well as from an order denying his motion for a new trial, the comply trailer now appeals.
In our opinion, the proceedings have been regular and without substantial error, and the orders made below must be affirmed. The position occupied by the relator was not a confidential relation to the appointing officer. People v. Sutton, 88 Hun, 173; 68 S. R. 494. The rulings of the court upon the trial were correct. The failure to serve notice to produce the papers which the relator claimed to have mailed to the comptroller, in regard to his service as a fireman, and whose contents he was allowed to prove, was of no importance, in view of the comptroller’s denial that he had ever received such papers. The proof that the relator had not had any employment since his discharge was beneficial, rather than injurious, to the comptroller on the question of damages, since the learned trial judge held that it was relator’s duty to get work if he could. The questions put to the comptroller on. cross-examination, as to what he had said in reference to veteran firemen generally, were permissible within the discieiion of the court* *543 The exclusion of the civil service regulations was not error. Even, though the civil service commissioners of the city of Brooklyn deemed the relator's position to be a confidential one, for the purpose of classifying positions in the municipal service, we do not think their conclusion in this respect would be binding upon the court in the construction or application of the veteran act, whose protection was invoked by the relator in this proceeding. The advice which the comptroller received from counsel, as to his-power to remove veteran firemen generally, was immaterial, and was properly excluded. It did not apply to the case of the relator. The comptroller himself could hardly have deemed the relator’s position to be confidential, for he testified upon cross-examination : “ IE I had known that Crummey was a veteran fireman, I would not have dismissed him. I would have retained him, because I believe I would have no right to dismiss him.” Ample • authority for allowing the jury to assess the damages sustained by the relator is found in the provisions of section 2088 of the Cod© of Civil Procedure.
The orders, appealed from must be affirmed, with costs.