(19 App. Div. 431.)

PEOPLE ex rel. BUCKLEY v. ROOSEVELT et al.

(Supreme Court, Appellate Division, First Department.   July 2, 1897.)

CERTIORARI—WHEN GRANTED—CIVIL SERVICE EXAMINERS.
    Examiners or commissioners, acting as examiners under the civil service law, are not judicial officers, nor do they perform judicial functions, and their examinations cannot be reviewed by certiorari.

Appeal from special term.

Application by the people, on the relation of John Buckley, for a writ of certiorari to Theodore Roosevelt and others, as police commissioners. From an order directing the defendants to file a further return to the writ, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Terence Farley, for appellants.
Daniel P. Hays, for respondent.

INGRAHAM, J. The relator, being a roundsman of the police force of the city of New York, and a candidate for promotion, was examined under the civil service rules. Upon such examination he received a rating of 20.90, out of a possible 35. Upon his record he was given a rating of 30 out of a possible 65. By this marking he received a lower rating than that required to place him upon the eligible list for promotion to sergeant. The relator imagined that he was unjustly treated by this rating, and by this writ he seeks to review the action of the board of police in giving him the rating that it did.

It is a somewhat novel application of this writ to allow it to be used to review the action of a board rating an applicant for appointment under the civil service rules, and thus to appeal from the judgment of the examiners in giving him the rating that, in their judgment, was proper. That such action cannot be reviewed by certiorari seems to be perfectly clear. Examiners or commissioners, acting as examiners under the civil service law, are not judicial officers; nor do they perform judicial functions, so that their examinations can be reviewed by certiorari. Certain power is given to such examiners to test the qualifications of the applicants for public office; and the method of such examination, with the result arrived at, in the exercise of the judgment of the examiners, upon the examination had before them, must necessarily rest within their discretion, and is not a judicial determination of a question presented to them. But even assuming that this court could review, on certiorari, the determination of the commissioners as to the rating given to this relator, it is entirely clear that the records of the other applicants, used by the commissioners in rating such other applicants, have nothing to do with the action of the commissioners in rating this relator. What the commissioners had to do was to determine what rating should be awarded to this relator for his police service. That depended partly upon the ability with which he had performed police duty, and had no possible relation to the police duty performed by other members of the force. To compel, upon an application of one defeated candidate in a competitive examination for a position, the examiners or commissioners to return the examination of all the successful candidates to the court, and then to ask the court to re-examine all of these papers, and determine whether or not the defeated candidate should have been in a better place in comparison with those who were placed before him, is certainly not within the purview of a writ of certiorari. There is nothing to call upon the court then to review the action of those upon whom the responsibility is placed of determining the standing of the candidates for public office.

We think the order was wrong, and it is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.