(59 App. Div. 329.)

PEOPLE ex rel. HOWE v. CONWAY, Mayor.

(Supreme Court, Appellate Division, Third Department. March 6, 1901.)

CERTIORARI—MUNICIPAL CORPORATIONS—REMOVAL OF SCHOOL OFFICER—POWER OF MAYOR.

Where the mayor of a city removes a school commissioner by an order reciting that the act is for the good of the schools, without any hearing or any proceedings taken, the removal does not include a judicial determination, and the right of the mayor to remove such officer cannot be reviewed by certiorari.

Certiorari by the people, on the relation of Frank E. Howe, against Daniel E. Conway, mayor of the city of Troy, to review the act of defendant in removing the relator from the office of school commissioner. Writ quashed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Patterson, Bulkeley & Van Kirk (Charles E. Patterson, of counsel), for appellant.

Thomas S. Fagan, for respondent.

KELLOGG, J. A writ of certiorari was issued on the petition of the relator, directing the respondent to make return to the appellate

division of this department of his proceedings in removing the relator from the office of school commissioner of the city of Troy. The petition sets forth that "no proceedings [touching the removal of the relator] have been had, other than the signing, serving, and filing" of the following paper:

"Mayor's Office.

"Troy, N. Y., September 13th, 1900.

"To Frank E. Howe—Sir: Take notice that, for the good of the department of public instruction of the city of Troy, I hereby remove you as school commissioner and as a member of the board of school commissioners of said city.

"[Signed]                              Daniel E. Conway,
"Mayor of the City of Troy."

The petition further states that thereafter the relator was prevented from participating in the acts and doings of the board of school commissioners. The return does not deny that the relator was in that manner removed from office and denied participation in the acts and doings of the board. In substance, the mayor claims the power of appointment and the power of removal at pleasure. It so appears from the record that no charges were made, no hearing was had, and no proceedings taken of a judicial nature to determine the mayor upon the question of removal; that the mayor acted in his official capacity, and removed the relator in the exercise of an administrative or executive power conferred by statute. The respondent cites the statute, "Except as otherwise provided in this act, the mayor shall appoint all the city officers, and except as otherwise provided in this act or in the other laws of the state, he may remove at pleasure any city officer appointed by him," and claims that the office held by the relator was one to be filled by appointment by the mayor; and this the relator concedes. The respondent further claims that a removal is not otherwise provided for in the act, or in the other laws of the state. This the relator denies. And here arises the question in dispute, and the only question in the case. I do not see how this question can be properly determined through the office of a writ of certiorari, if we are to adhere to the uniform practice heretofore followed by the courts. The office of this writ is confined to the review of the judicial proceedings of inferior bodies. If there has been no judicial proceeding, and none attempted, the writ will not lie. If there has been no judicial determination, no subject for such a determination, how can there be a review? It is not every arbitrary act of an executive officer, though such act may affect persons and property, which is so reviewable. "A common-law certiorari is in the nature of an appeal from the judgments and judicial determination of inferior tribunals and officers acting under statutory authority, or when the proceeding is not according to the common law." People v. Walter, 68 N. Y. 403. "The fact that a public agent exercises judgment and discretion in the performance of his duties does not make his action or powers judicial in their character." People v. Public-Parks Com'rs, 97 N. Y. 43. "Official acts that are executive, legislative, or administrative in their nature and character were never subject to review by certiorari." Chittenden v.

Wurster, 152 N. Y. 398, 46 N. E. 875. "When the action of a public officer or of a public body is merely legislative, executive, or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari; and so it has been so often held that the rule has become elementary." People v. Queen's Co. Sup'rs, 131 N. Y. 471, 30 N. E. 488. The argument of the learned counsel for appellant that the mayor made a judicial determination in determining to remove the relator "for the good of the department of public instruction of the city of Troy," as stated in his notice, does not commend itself to us as convincing. A sheriff with an execution against property may be called upon to determine in his own mind whether he will levy upon chattels claimed to be owned by another than the judgment debtor, but his judgment in such case would hardly be judicial, in that sense that it could be reviewed by certiorari. It was held in People v. Board of Health of City of Yonkers, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, that the determination and ordinance of a board of health declaring certain dams to be nuisances, and directing their abatement, was not such a judicial determination as might be reviewed by certiorari. Earl, J., says:

"The board of health did act, and had a right to act, upon its own inspection and knowledge of the alleged nuisance. It was not obliged to hear any party. It could obtain its information from any source and in any way, and hence its determination upon the question of nuisance is not reviewable by certiorari. * * * It is claimed, however, on the part of the relator that the board of health was not properly organized when it made its determination, and therefore the determination was void. * * * If this claim be well founded, then there was no judicial determination for review by certiorari."

So, in the case before us, if the mayor had the authority to remove which he actually exercised, then his act cannot be disputed. If he had not that power vested in him by the statute, then his acts were void. In either case there is nothing before us to review, and that because there has been no judicial proceeding and consequently no judicial determination. The mayor's assumption of power or his determination in his own mind that he possessed the power presents no features of a court or trial or judicial proceeding or judicial determination which the practice or the Code of Civil Procedure authorizes us to review by certiorari.

The writ should be quashed, with $50 costs and disbursements. All concur.