(65 App. Div. 157.)

PEOPLE ex rel. MACK v. BURT et al., Civil Service Com'rs.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

MUNICIPAL CORPORATIONS — CIVIL SERVICE COMMISSION — CLASSIFICATION OF OFFICES—CERTIORARI.

　　Laws 1899, c. 370, § 10, requiring the mayor of each city in the state to appoint and employ suitable persons to prescribe and enforce rules for the classification of the offices and employments in the classified service of such city, confers only administrative power, and not judicial; and certiorari will not lie to review the action of the city or state civil service commission in making a classification thereunder.

Certiorari by the people, on the relation of Jacob W. Mack, to review the action of Silas W. Burt and others, civil service commissioners of the city of New York, and the state civil service commission, in classifying in the health department a new position, under the title of "Anti-Toxin Accountant." Writ dismissed.

Argued before VAN BRUNT, P. J., and PATTERSON, IN-GRAHAM, and LAUGHLIN, JJ.

Charles C. Burlingham, for relator.
William B. Crowell, for respondents.

INGRAHAM, J. This proceeding was instituted by a taxpayer to review the action of the municipal civil service commissioners in including in Schedule B of the classification of positions in the department of health a position of anti-toxin accountant, which act of the municipal civil service commissioners was subsequently approved by the state civil service commissioners. The municipal civil service commissioners acted under section 10 of chapter 370 of the Laws of 1899, which provides that:

　　"The mayor of each city in this state shall appoint and employ suitable persons to prescribe, amend and enforce rules for the classification of the offices, places and employments in the classified service of such city, and for appointments and promotions therein and examinations therefor."

　The power conferred by this section is clearly one which imposes upon the commissioners duties in their nature administrative, rather than judicial. It is one step in the proceeding for the appointment of officers and employés of the municipal corporation. The statute under which the respondents acted is entitled "An act in relation to the civil service of the state of New York and the cities and civil divisions thereof." Its intent is to provide for the proper and orderly appointment of officers and employés of the state and the municipal corporations therein. A classification of the officers is

necessary to determine the method of appointment, and such a classification is no more a judicial determination than is the designation of the officer by the appointing power under the provisions of the statute. At common law or under the Code of Civil Procedure a writ of certiorari is only allowed where the object sought is to review a judgment or a judicial determination of an inferior tribunal, or of an officer acting under statutory authority exercising judicial power. "The writ lies only to inferior courts and officers exercising judicial powers, affecting the property or rights of the citizen." People v. Walter, 68 N. Y. 403; People v. Board of Com'rs of Public Parks, 97 N. Y. 37; People v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 37 Am. St. Rep. 522; People v. Board of Sup'rs of Queens County, 131 N. Y. 468, 30 N. E. 488. In the latter case the court say:

"The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions, and there is no authority to be found in the Reports of this state sanctioning its use for any other purpose. When the action of a public officer or of a public body is merely legislative, executive, or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari."

The civil service act (section 27) authorizes a taxpayer to bring an action to restrain the payment of compensation to any person appointed to or holding any office, place, or appointment in violation of the provisions of the act; and, in case of the appointment of any officer in violation thereof, that would seem to be the proper remedy.

It follows that the action of neither the municipal nor the state board of civil service commissioners can be reviewed in this proceeding, and that the writ should be dismissed, with costs. All concur.