PEOPLE ex rel. GREENLEAF v. BOARD OF HEALTH OF TOWN OF
FAYETTE et al.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. CERTIORARI—BOARD OF HEALTH—FINES—REVIEW.
      Where a fine levied by a town board of health against relator for his failure to comply with an order directing him to repair a sewer in front of his premises, which he had destroyed, was adjudged in an ex parte proceeding in relator's absence, relator was not concluded thereby, but was entitled to contest the merits of the case in any proceeding by the board to collect the fine, and proceedings assessing the same were not reviewable by certiorari.

Appeal from Special Term, Seneca County.

Certiorari by the people, on the relation of Albert R. Greenleaf, against the board of health of the town of Fayette and others. From

an order denying defendants' motion to quash the writ, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

H. E. Miller, for appellants.

W. S. MacDonald, for respondent.

HISCOCK, J. We think that the writ of certiorari was improperly issued in this matter, and that the order refusing to quash and set aside the same should be reversed. Plaintiff was the owner of certain premises in said town, of which the title extended to the middle of the highway running in front thereof. Near him, facing upon the same highway, was a hotel, and a sewer was constructed from the latter along the highway and across the whole or a part of the frontage of plaintiff's premises, and it discharged its contents upon the same. Relator took up and removed said sewer from in front of his lands. It would appear that at the time when he did this the sewer was not in use. After this, and on or about July 2, 1902, a notice in writing, undated and unsigned, was served upon him, of which the following is a copy:

"Whereas, as a complaint has been made to the board of health of the town of Fayette relative to the obstruction of a sewer leading from the hotel in Canoga owned by L. M. Cumber and H. H. Jones:

"It is hereby resolved by said board of health that the obstruction to said sewer caused by Albert R. Greenleaf, or by his direction, be removed within five days by said Greenleaf, and that said drain be placed in same condition as before obstructed, under penalty of the law in such cases made and provided.

"Moved and seconded that the health officer notify Mr. Greenleaf of the action of the board."

Relator did nothing in the way of restoring the sewer, and on or about July 21, 1902, a notice in writing was served upon him, of which the following is a copy:

"To Albert R. Greenleaf: You are requested and commanded to appear before the board of health of the town of Fayette on the 28th day of July, 1902, at 10 o'clock a. m. of that day, to show cause why you did not comply with a written order of said board of health, ordering you to put down and restore to its primal condition a certain sewer leading from Canoga Hotel, and running in the highway and parallel about 14 feet with premises owned by you; which order was served on you by Dr. Carleton, health officer of said board, on or about July 1st, 1902.

"Dated July 21, 1902.

"Bart. Cronin, Chairman of Board of Health."

Said board of health had no office or usual place of meeting to which, in the absence of specific directions, relator might repair for the purpose of showing cause as in said notice directed, and he took no action in response to the same. Thereafter, and on or about July 29, 1902, there was served upon him a notice in writing, in substance, that said board of health had caused said sewer to be repaired, and that at a regular meeting thereof he, said relator, had been fined $25 by reason of his failure to appear upon the return of the order to show cause above quoted, and in addition thereto he was required to pay all costs in serving notices and in repairing the damages done to said

sewer, amounting to $12; making a total of $37.    It was alleged by relator in his petition for the writ of certiorari to review said proceedings of said board of health that the latter's health officer had notified him that action would be brought before a justice of the peace to collect said amount, but at the time this proceeding was instituted no such action had been brought.

The question is whether, upon these principal facts, it was proper or necessary for respondent to sue out a writ of certiorari to review the proceedings taken by said board of health, in order to protect himself from collection of the purported fine imposed upon him.    It is argued in behalf of respondent that it was necessary for him to do so; that the proceedings by the board of health fixing and imposing said fine would or might be conclusive upon him in an action which might be brought in justice's court to collect the same, and that, therefore, except for such proceeding as this, he would have no opportunity to contest the validity or justice of the determination.

We do not think that this contention is well founded.    Upon the argument of the appeal it was claimed by the respondent, and expressly admitted by counsel for the appellants, that the board of health never acquired jurisdiction of respondent by the purported notices which were served upon him.    The validity of the fine which the board attempted to impose upon him in this case stands as though said board had proceeded to fine respondent without any pretense of giving him a notice or a hearing.    Under such circumstances, we have no doubt that, if an attempt is ever made in a legally constituted court to collect of respondent said fine, he may contest and litigate fully the facts upon which its imposition is based.    The board of health in such action will not be able to substitute its mere determination that respondent has been guilty of improper conduct for facts to prove that he actually was so guilty.    If he was in fact guilty of unlawfully obstructing the sewer in question and interfering with matters within the jurisdiction of the board of health, the latter may be able to collect the fine which it sought to impose; but if, upon the other hand, it is proved that he was not guilty of such conduct, his property cannot be taken away from him because the board of health, without sufficient warrant, has improperly determined that he did commit unlawful acts.

It is substantially conceded by counsel for respondent that, except for one feature, the case of People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 37 Am. St. Rep. 522, is decisive of the questions here involved, and authority for the contention that respondent's writ of certiorari was unnecessary and unauthorized.    In that case the respondent sought to review by certiorari the proceedings of the board of health of the city of Yonkers, by which certain dams were determined to be nuisances, and ordered to be removed. The court, in disposing of the case, really made its consideration broad enough to cover the general statutes then and now existing governing the actions of boards of health, and reached the conclusion that the writ would not lie, and that the board of health could not, by its mere determination, settle that the respondent was guilty of misconduct, but that, before his property could be interfered with, he would have

an opportunity to litigate in some proper court all of the facts and questions involved. Because, however, in the opinion of the court, it is suggested that boards of health did not have the power to call and examine witnesses, it is urged that the reasoning in that case does not apply to this one, because under the statutes now applicable such board may call and examine witnesses. There was in force, however, at the time said action was decided, a statute which gave similar powers, and we are loath to assume that the court was unaware of such fact. If, however, we should assume such to be the case, we still think that the decision in question is an authority for our conclusion here against the writ.

Without attempting to decide how far the appellant board might have made its decision conclusive by giving respondent proper notice thereof, and allowing him and his witnesses to be heard, it is sufficient to say that no such hearing was held, and that the proceedings were entirely ex parte. Respondent concededly has had no opportunity to be heard upon the matter involved, and under the most favorable view of the powers conferred upon the board of health to have a hearing it is obvious that respondent was not concluded by a mere provision for a hearing which was never complied with.

As was stated in the Copcutt Case, before "a final and conclusive determination could be made resulting in the destruction of property, the imposition of penalties and criminal punishments, the party proceeded against must have a hearing, not as a matter of favor, but as a matter of right, and the right to a hearing must be found in the acts." And, further: "The result of these authorities [cited in the opinion] is that whoever abates an alleged nuisance, and thus destroys or injures private property, or interferes with private rights, whether he be a public officer or a private person, unless he acts under the judgment or order of a court having jurisdiction, does it at his peril, and when his act is challenged in the regular judicial tribunals it must appear that the thing abated was in fact a nuisance. This rule has the sanction of public policy, and is founded upon fundamental constitutional principles." See, also, People ex rel. Howe v. Conway, 59 App. Div. 329, 69 N. Y. Supp. 837; People ex rel. Renshaw v. Gillespie, 25 App. Div. 91, 48 N. Y. Supp. 882; D., L. & W. R. R. Co. v. City of Buffalo, 4 App. Div. 552, 568, 38 N. Y. Supp. 510, affirmed 158 N. Y. 266, 274, 53 N. E. 44. We therefore have no difficulty in concluding, upon the facts presented upon this appeal, that, if an attempt is ever made by the appellants to collect of respondent the purported fine imposed upon him, he will have full opportunity to contest the validity thereof, and to question the existence of the facts which must be established as a necessary basis therefor, and that no writ of certiorari is proper or necessary to protect him in his rights. The order appealed from should be reversed, with costs.

Order reversed, with $10 costs and disbursements, and motion to quash and set aside writ of certiorari granted, with $10 costs. All concur.