(89 App. Div. 50.)

PEOPLE ex rel. DONOVAN v. CANTOR et al.

(Supreme Court, Appellate Division, First Department. December 18, 1903.)

1. MANDAMUS—MUNICIPAL CIVIL SERVICE—ABOLITION OF OFFICE—SIMILARITY OF NEWLY CREATED POSITION.

Greater New York Charter, § 1543 (3 Laws 1897, p. 541, c. 378), declares that whenever, in any department of the city civil service, a position or employment is abolished, persons legally holding the position thus abolished shall be entitled to reinstatement in the same or in a corresponding position if within one year there is need for their services, and that the municipal civil service commission shall determine as to what employés are so entitled to re-employment. *Held*, that the determination of the commission as to whether or not newly created positions are similar to those which have been abolished involves the exercise of discretion, which is not reviewable by mandamus.

Patterson and Laughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Application by the people on the relation of Bartholomew Donovan for mandamus against Jacob Cantor, as president of the borough of Manhattan, and others, to require respondents to certify the name of and appoint relator to the position of superintendent of public baths and public comfort stations in the city of New York. From a judgment awarding the writ, respondents appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. B. Crowell, for appellants.
Roger Foster, for respondent.

McLAUGHLIN, J. The facts involved in this appeal are not in dispute, and, as they are fully and correctly set out in the opinion of Mr. Justice LAUGHLIN, it is unnecessary to restate them.

Under the statute, the position held by the relator having been abolished, and his name returned as an employé suspended without pay, it was the duty of the municipal civil service commission to determine whether the duties of the newly created positions were the same as, or similar to, those performed by the relator in the position previously held by him. If they were similar, then the relator was entitled to have his name certified to, and be appointed by, the president of the borough to one or the other of such new positions; otherwise not. Section 1543, Greater New York Charter (3 Laws 1897, p. 541, c. 378). The municipal civil service commission determined that the duties of the newly created positions were not similar to those performed by the relator in his former position, and refused to certify his name. Therefore the president of the borough had no right to make the appointment. The act of the commission in making this determination was quasi judicial in character. It necessarily required the commission to pass upon questions of fact, and involved the exercise of judgment upon its part; and this, as it seems to me, was the end of the matter. It is a universal rule that, in the discharge of duties involving the exercise of judgment or discretion, a public official must be left free to act, and cannot by mandamus be compelled to act one way or the other. In other words, in such cases the courts have no power to direct what shall be done. This rule was tersely stated by Judge Vann in People ex rel. Harris v. Commissioners, 149 N. Y. 26, 43 N. E. 418. He said:

"When the law requires a public officer to do a specified act in a specified way, upon a conceded state of facts, without regard to his own judgment as to the propriety of the act, and no power to exercise discretion, the duty is ministerial in character, and performance may be compelled by mandamus if there is no other remedy. When, however, the law requires a judicial determination to be made, such as the decision of a question of fact, or the exercise of judgment whether the act should be done or not, the duty is regarded as judicial, and mandamus will not lie to compel performance."

Here, from the very nature of things, the municipal civil service commission must have exercised its judgment upon the facts as to whether the duties of the positions referred to were similar, and its conclusion cannot be reviewed by mandamus. To hold otherwise

is to nullify the statute which confers upon the commission the duty
of making the determination by substituting in its place a court or
jury to pass upon the facts, and this the court ought not to do in
the absence of legislative authority. The case, in principle, is pre-
cisely like People ex rel. Sims v. Collier, 175 N. Y. 196, 67 N. E. 309;
and upon reason, as well as upon the strength of this authority, it
seems to me the order appealed from should be reversed, and the
writ quashed, with $50 costs and disbursements.

VAN BRUNT, P. J., concurs.

O'BRIEN, J. I concur with Mr. Justice McLAUGHLIN in the
result. It would seem to be a case where, in the light of the facts
now disclosed, the commissioners should reconsider their decision,
but even that I do not think we can compel by mandamus.

LAUGHLIN, J. (dissenting). This proceeding was instituted for
the purpose of procuring the reinstatement of the relator to a posi-
tion in the municipal civil service which was abolished, or his ap-
pointment to a corresponding position, or one of which the duties
were the same or similar. On the 18th day of February, 1898, the
relator was appointed superintendent of the bureau of supplies and
repairs in the department of public buildings, lighting, and supplies.
The appointment was only temporary, as the position was subject
to competitive examination under the civil service law, and there was
no eligible list. The position was subsequently exempted from com-
petitive examination, and placed in Schedule A. The classification
of the position was changed on the 11th day of July, 1899, and it was
again placed in Schedule F, and subject to competitive examination.
By the revised charter of 1901, which took effect on the 1st day of
January, 1902, the department of public buildings, lighting, and sup-
plies, in which relator held this position, was abolished; and the
powers and duties previously vested in and devolving on that de-
partment were transferred to the president of the borough, who was
by section 383 of the Revised Charter (3 Laws 1901, p. 162, c. 466)
authorized to appoint a secretary, and such assistants, clerks, and
subordinates as he might deem necessary, after provision was made
therefor by the board of estimate and apportionment and by the
board of aldermen. With a view to administering the duties thus
devolving upon him, the president of the borough created bureaus,
and, among others, a bureau of public buildings and offices, in which
bureau he provided for a superintendent of public buildings and of-
fices, and a superintendent of public baths and public comfort sta-
tions; and he determined, also, that the position of clerk to the pres-
ident of the borough should be created. It is to be inferred that he
presented his plan, together with a recommendation as to the sal-
aries of the different positions, to the board of estimate and appor-
tionment for approval, for on the 21st day of January, 1902, that
board adopted a resolution fixing the salaries, among others, for the
two positions first named in said bureau, and for the position of clerk.
This action was approved by the board of aldermen on the 30th day

of the same month, and was returned by the mayor, without approval or disapproval, on the 11th day of February, by which failure of action it became of force. On the 22d day of January, 1902, the president of the borough notified the relator by a letter that the position held by him was abolished upon the ground that the position was no longer deemed necessary, and that he was discharged from February 1st thereafter. The relator's name was returned to the municipal civil service commission as an employé suspended without pay, pursuant to the requirements of section 1543 of the revised charter (3 Laws 1901, p. 636, c. 466). About this time the municipal civil service commission classified the newly created positions, and placed the position of superintendent of public baths and public comfort stations in Schedule F., subject to competitive examination, and the other two positions named in Schedule A, as exempt from examination. The relator immediately protested against the abolishment of his position, and demanded of the municipal civil service commission and of the president of the borough, respectively, that he be reinstated, or, in the alternative, certified for appointment and appointed to one of the three positions named, among others, upon the ground that the duties of the positions were the same or similar to those of the position previously held by him, and which had been abolished. Appointments were made by the president of the borough to these respective positions, to take effect on the 1st day of February, 1902, without the certification of any names to him by the municipal civil service commission. As already stated, two of the positions had been placed in the exempt class, and for the other there was no eligible list. In his petition for the writ of mandamus the relator claimed that the position which he previously held was abolished in bad faith, and that therefore he was entitled to reinstatement thereto; and he claimed, in the alternative, that he should be appointed to one of these newly created positions on the ground already stated. An alternative writ was issued, and the issues of fact were tried at a trial term. The jury found that the position was abolished in good faith, and that the duties of the position of superintendent of public baths and public comfort stations are similar to those of the abolished position. The relator acquiesced in this verdict of the jury, and moved thereon at Special Term, and obtained a peremptory writ of mandamus requiring the municipal civil service commission to certify his name to the president of the borough for appointment to this position, and requiring the president of the borough to appoint him thereto, and, further, that the certification and appointment be made as of the 1st day of February, 1902, and that his name be placed upon the pay roll, and the back pay certified accordingly. The president of the borough first appointed one Taylor temporarily to this position, but he subsequently failed to pass a civil service examination which was held therefor. On the 15th day of March, 1902, and subsequently, and prior to the commencement of this proceeding, which was then instituted on the 2d day of June, 1902, the relator presented his claim for appointment formally in writing to the municipal civil service commission.

The appellants contend that the president of the borough cannot

be required to appoint the relator, because the position is already filled, and the occupant is not a party to this proceeding, and will not be bound thereby. The notice of the application for the writ was addressed to the occupants of these respective positions, and the papers were served upon them. They appeared by the corporation counsel in opposition to the motion. On the 1st day of August, 1902, during the pendency of the proceeding, the municipal civil service commission certified one Washington W. Weeks, a veteran, for appointment to the position which has now been awarded the relator. He was appointed thereto, and still holds the position. Weeks was called as a witness upon the trial of the issues of fact. He received and accepted service of notice of the application for the writ based on the findings of the jury, and appeared generally by the corporation counsel, without having, so far as the record shows, made any special objection that he had not been given sufficient notice to be bound by the proceeding. We have held that where the right to a position may be determined by mandamus, and it has been filled by an appointment which the relator claims is illegal, the occupant should be made a party to the proceeding, in order that he will be bound by the determination, and that the taxpayers will not be obliged to pay two salaries, or to further litigate the right thereto. Matter of Jones v. Willcox, 80 App. Div. 167, 169, 80 N. Y. Supp. 420, and cases cited. But it is not essential that the occupant should be named in the title of the proceeding, for the mandamus, if awarded, would not run against the occupant. It is sufficient that he have notice of the proceeding, and an opportunity to present any evidence of his right to hold it as against the relator. It is sufficient, therefore, in such cases, where the occupant is not required to do anything in the event that the writ is awarded, that the notice of motion or order to show cause be addressed to, and that the papers be served upon, him. The occupant, Weeks, having been appointed pending the litigation, and having appeared generally in the proceeding, as stated, is bound by the proceeding.

The important question presented by the appeal is whether the relator has a remedy by mandamus. It is claimed, in effect, by appellants, that the provisions of said section 1543 authorize the municipal civil service commission to determine whether the duties of a newly created position are the same as, or similar to, those previously performed by an employé whose position has been abolished, and their determination in this regard is not subject to review. This brings us to a consideration of the provisions of the statute, which are as follows:

"No regular clerk or head of a bureau or person holding a position in the classified municipal civil service subject to competitive examination, shall be removed until he has been allowed an opportunity to make an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department, or board or borough president and a copy filed with the municipal civil service. In the case of a removal, a statement showing the reason thereof shall be filed in the department * * * wherever in any department or institution an office position or employment is abolished, or made unnecessary through the operation of this act, or in any other manner, or whenever the number of offices, positions or employments of a certain character is reduced, the person or persons legally

holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office or position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services. Whenever such offices, positions, or employments are abolished or made unnecessary, it shall be the duty of the head of the department or institution to furnish the names of the person or persons affected to the municipal civil service commission with a statement in the case of each of the date of his original appointment in the service. It shall be the duty of the municipal civil service commission forthwith to place the names of said persons upon a list of suspended employees for the office or position or for the class of work in which they had been employed, or for any corresponding or similar office, position or class of work, and to certify the said persons for reinstatement, in the order of their original appointment, before making certifications from any other list."

The right to reinstatement to the same office, position, or employment, or a corresponding or similar office, position, or employment, if there is any need for his services in such capacity within one year, is clearly given to the suspended employé by this statute. The facts from which this statutory right flows have been found by the jury in favor of the relator, and are amply supported by the evidence. We have therefore the case of a clear legal right, for the enforcement of which the writ of mandamus is the ordinary remedy. It remains to be seen whether, on account of the other provisions of the section, the courts are powerless to enforce this statutory right. The Legislature undoubtedly intended that the municipal civil service commission should in such case inquire into the facts as to the duties of the old and new positions, and classify and certify the suspended employés for reappointment according as to whether the duties of the newly created positions, or of any other corresponding office or position which he claimed are the same or similar, and the orderly execution of the statute would seem to require this. But they were vested with no discretion. If the facts upon which the right depends exist, it is their duty to certify his name for appointment, and it is the duty of the appointing power to appoint him whether his name be thus certified or not. It is unlike the case of a physical or mental examination, which is administrative in its character, and cannot be fully laid before the courts for review. People ex rel. Mack v. Burt, 65 App. Div. 158, 72 N. Y. Supp. 567; Matter of Allaire v. Knox, 62 App. Div. 29, 70 N. Y. Supp. 845, affirmed in 188 N. Y. 642, 61 N. E. 1127; People ex rel. Buckley v. Roosevelt, 19 App. Div. 431, 46 N. Y. Supp. 517; Matter of Walker v. Maxwell, 68 App. Div. 196, 74 N. Y. Supp. 94; Keim v. United States, 177 U. S. 290, 20 Sup. Ct. 574, 44 L. Ed. 774. If the duties were in fact the same or similar, they had no alternative but to certify the relator as eligible for appointment before making a certification from any other eligible list. The performance of this duty, in which they exercised no discretion, is not administrative, and is quite unlike the determination of the question as to whether a particular position shall be subject to competitive examination, or classified as exempt, which it has been held may not be reviewed either by mandamus or certiorari. People ex rel. Sims v. Collier, 175 N. Y. 196, 67 N. E. 309; People ex rel. Mack v. Burt, supra. Their determination was ex parte, not based upon evidence, but upon in-

formation communicated by the official vested with the power of appointment, who may be interested in being left at liberty to make another selection, or upon information obtained by inquiry. While I am of opinion that it cannot be successfully maintained that their determination is not reviewable upon the ground that it is administrative or discretionary, yet, on the other hand, I believe the relator has no remedy at all unless he has a remedy by mandamus. A determination without evidence and without a hearing is not such a hearing as may be reviewed and corrected by certiorari. People ex rel. Kennedy v. Brady, 166 N. Y. 44, 59 N. E. 701; People ex rel. Howe v. Conway, 59 App. Div. 329, 69 N. Y. Supp. 837; People ex rel. Greenleaf v. Board of Health, etc., 83 App. Div. 571, 82 N. Y. Supp. 21; People ex rel. Haverty v. Barker, 1 App. Div. 532, 537, 37 N. Y. Supp. 555, affirmed in 149 N. Y. 607, 45 N. E. 1133. The statute makes no provision for a hearing before the municipal civil service commission on this question. Their determination, therefore, has no binding force or effect upon the relator. They cannot deprive him of his statutory rights by an erroneous ex parte determination. Where a determination is attempted to be made by a board or body authorized by statute to make a determination, but not authorized by statute to give notice so that the person whose personal or property rights are to be affected will be bound thereby, such determination is not a bar to any relief to which he may be entitled, and he may defend against their action or proceeding in disregard thereof. People ex rel. Hoyt v. Trustees of Ballston Spa, 19 App. Div. 567, 46 N. Y. Supp. 564; Smith v. Irish, 37 App. Div. 220, 55 N. Y. Supp. 837; People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 37 Am. St. Rep. 522; Fire Department of New York v. Gilmour, 149 N. Y. 453, 44 N. E. 177, 52 Am. St. Rep. 748; Matter of Smith, 146 N. Y. 69, 40 N. E. 497, 28 L. R. A. 820, 48 Am. St. Rep. 769. In the case of veterans, the civil service statutes, so called, expressly confer a remedy by mandamus; and we have held that the determination either by the appointing power or by the civil service commission that the duties of a new position were not the same, or similar, as those of one abolished, is no bar to the remedy by mandamus. Matter of Jones v. Willcox, 80 App. Div. 167, 80 N. Y. Supp. 420. Where, however, a clear legal right exists, and there is no other adequate remedy, it is the duty of the court to afford redress by awarding a peremptory writ of mandamus. People ex rel. Drake v. Sutton, 88 Hun, 173, 34 N. Y. Supp. 487; People ex rel. Gleason v. Scannell, 172 N. Y. 316, 65 N. E. 165; People ex rel. Boyd v. Hertle, 46 App. Div. 505, 60 N. Y. Supp. 23, 61 N. Y. Supp. 965; People ex rel. Coveney v. Kearny, 44 App. Div. 449, 61 N. Y. Supp. 41, affirmed in 161 N. Y. 648, 57 N. E. 1121. The Legislature recognized that in abolishing different departments, and in the administration of the various departments, it would be necessary from time to time to create new positions; but it foresaw that this power might be exercised for the purpose of removing employés where the appointing power was desirous of appointing others to perform the same duties. For the purpose of preventing this, and requiring that the persons whose positions had been abolished should be reappointed

to the newly created positions, where the duties were the same or similar, the Legislature expressly conferred upon such employés the right to be reinstated.   Unless the courts enforce this right by mandamus, the legislative will will be nullified, and the statutory rights clearly conferred upon the suspended employés will be lost to them.   This law was enacted in the interests of the public service, and it should be strictly observed by the municipal civil service commission and the appointing power; and, where it is not so observed, even though the failure may be owing to a mistake as to the facts or a misapprehension as to the law, the courts, when appealed to, must afford the suspended employé the necessary relief.   The relator moved promptly.   He not only protested against the abolishment of his position and demanded reinstatement thereto, or, in the alternative, an appointment to one of these newly created positions, but he also protested in writing against the certification of the incumbents upon the pay roll, and the payment of the salary to them.   Having been entitled to this position on the 1st day of February, 1902, and having been diligent in asserting his rights, he should be reinstated as of that time, and is entitled to the salary of the position from that day.

It follows, therefore, that the order should be affirmed, with $50 costs and disbursements.

PATTERSON, J., concurs with LAUGHLIN, J., in the conclusion reached by him.