PEOPLE ex rel. McNULTY v. MAXWELL et al.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

CERTIORARI—DECISIONS REVIEWABLE—BOARD OF EDUCATION—ACT OF BOARD OF EXAMINERS.

Under Code Civ. Proc. § 2120, providing that certiorari can only issue where the right is conferred by statute or where it can issue at common law, it will not issue to review the action of the board of examiners of the board of education of New York City in refusing to issue a certificate that relator's previous experience was equivalent to a certain period of experience in the New York City schools, since no right by statute exists in such cases, and, the action of the board not being judicial, the right did not exist at common law.

Rich, J., dissenting.

Appeal from Special Term.

108 N.Y.S.—4

Certiorari by the people, on the relation of Cecelia J. McNulty, against William H. Maxwell and others. From an order granting the writ, defendants appeal. Order reversed, and application denied.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Theodore Connoly (Stephen O'Brien and Thomas F. Noonan, on the brief), for appellants.

John E. O'Brien, for respondent.

HOOKER, J. In her petition for a writ of certiorari the relator alleged that she was the holder of a diploma of one of the State Normal Schools licensing her to teach in any common or public school in the state of New York; that for several months in the spring of 1896 she was a regular teacher in a rural public school in the county of St. Lawrence; that during the years 1897 and 1898 she was a regular teacher for one school year in another rural public school in the county of St. Lawrence; that for several months from September 1, 1900, she was a regularly appointed teacher in the Baldwin High School, in Nassau county, and on March 11, 1901, was regularly appointed by the school board of the borough of Queens, city of New York, as a regular teacher in one of the public schools in said borough and city, and continuously held that position until on or about February 1, 1902, on which day she was transferred and duly appointed a regular teacher in Public School No. 1 in the Borough of Queens, City of New York, and regularly held that position and rendered service until February 1, 1906; and that since that time she has been a "model" teacher in the Jamaica Training School, of the class of the sixth B grade, which grade she alleges is of a lower rank than the grade of which she was teacher in Public School No. 1. On October 25, 1906, she presented to the defendants, who constitute the board of examiners of the board of education of the city of New York, a petition praying for a certificate to be issued by the board stating that the experience of the relator as a teacher in schools other than the high and training schools of the city of New York was equivalent to 6 years and 11 months of experience in the high and training schools of the city of New York. The board passed upon her petition and adopted a resolution that such experience in schools other than the high and training schools of the city of New York was equivalent to no years of experience in the high and training schools of the city of New York. The relator then made a motion for a writ of certiorari, directing the members of the board of examiners of the board of education, the defendants, to make a return of their proceedings in the matter of the relator's petition. The order was granted, and the defendants appeal.

The powers of the board of examiners with respect to licenses and certificates are specified in section 1091 of the Greater New York charter (Laws 1901, p. 473, c. 466), which chapter provided the minimum salaries that shall be paid to different members of the teaching staff and to the teachers of the elementary and the high and training schools. The section provides as follows:

"The board of education shall have power to adopt by-laws fixing the salaries of all members of the supervising and the teaching staff; and the sal-

aries of all principals and teachers shall be regulated by merit, grade of class taught, length of service, experience in teaching, or by a combination of these considerations."

The section then declares that the by-laws which the board shall adopt shall establish a uniform schedule of salaries, that the same shall provide for an equal annual increment, and then goes on to provide minimum salaries for the different classes of teachers, as, for instance:

"And no female teacher in said elementary schools shall receive less than six hundred dollars per annum, nor shall the annual increment for any female teacher therein be less than forty dollars."

And further the section provides:

"No female model teacher shall receive less than one thousand dollars per annum; nor after five years of service as such, less than fifteen hundred dollars per annum."

After making the above, with other provisions as to annual salaries, section 1091 continues:

"The board of examiners shall issue to a principal or a teacher who has had experience in schools other than the schools of the city of New York a certificate stating that the experience of such teacher is equivalent to a certain number of years of experience in the schools of the said city. The board of examiners shall issue to a principal or teacher who has had experience in schools other than the high and training schools of the city of New York a certificate stating that the experience of such teacher is equivalent to a certain number of years of experience in the high and training schools of the said city. Such certificates made by the board of examiners shall be final and conclusive on all matters pertaining to experience therein stated, and shall entitle their holders to salaries in accordance with the schedules of salaries established in conformity with this section, in like manner as though the years mentioned in such certificates had been served in those schools of the city of New York that are respectively mentioned in such certificates."

The appeal by the defendants from the order directing that a writ of certiorari be issued presents for our determination the question whether the action of the board of examiners of the board of education, in refusing the certificate asked for, is final, or whether the action of the board in refusing such a certificate may be the subject of judicial review. It is evident that the relator's purpose in endeavoring to procure the certificate stating that her years of experience were equal to 6 years and 11 months' experience in the high and training schools in the city of New York was to obtain a salary of $1,500 a year, provided by the section to be paid to a female model teacher after 5 years' service, in place of her salary of $1,000, which she is now receiving as a female model teacher of less than 5 years' experience; hence the question becomes an important one to the relator.

A writ of certiorari may only be issued as permitted by section 2120 of the Code of Civil Procedure, which allows it in two instances, namely, where the right thereto is conferred by statute, or where the writ may be issued at common law and has not been expressly taken away by statute. There is no claim in this case that the right to the writ is conferred by statute. The question, then, is whether the writ is allowable at common law. The common-law writ of certiorari issues to review only the decisions of inferior judicial or quasi judicial tribunals. People ex rel. Copcutt v. Board of Health, 140 N. Y. 1,

.35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522; People ex rel.
Trustees of Jamaica v. Supervisors, 131 N. Y. 468, 30 N. E. 488;
People ex rel. O'Connor v. Supervisors, 153 N. Y. 370, 47 N. E. 790;
People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785.

The question which presents itself, therefore, is whether or not the
action of the board of examiners of the board of education in refusing
the relator a certificate that her prior experience is equivalent to any
experience in the high and training schools was judicial or quasi judi-
cial. It does not appear that any testimony was taken by the board of
examiners in the determination of its action upon the relator's petition.
The action of the board was the result, not of conflicting claims urged
by adversaries, nor the finding of a fact based upon the presentation of
conflicting evidence but rather was a decision based upon the exercise
of discretion and judgment peculiar to the members of the board in de-
termining the character of experience the relator had had as a teacher
in different schools both rural and urban. The exercise of this discre-
tion and judgment is not a judicial determination of the question pre-
sented to the board.

In People ex rel. Buckley v. Roosevelt, 19 App. Div. 431, 46 N. Y.
Supp. 517, it was determined that a writ of certiorari would not lie to
review the action of the police commissioners of the city of New York,
acting under the civil service law as examiners of an applicant for pro-
motion in the police force of the city; and it was said:

"Certain power is given to such examiners to test the qualifications of the
applicants for public office, and the method of such examination, with the
result arrived at, in the exercise of the judgment of the commissioners, upon
the examination had before them, must necessarily rest within their discre-
tion, and is not a judicial determination of the question presented to them."

In People ex rel. Mack v. Burt, 65 App. Div. 157, 72 N. Y. Supp.
567, affirmed 170 N. Y. 620, 63 N. E. 1121, it was held that the action
of the state civil service commission and the municipal civil service
commission of the city of New York in including in schedule B of the
classifications of the positions in the department of health a position
of antitoxin accountant was administrative rather than judicial in its
character, and could not be reviewed by certiorari.

In Armstrong v. Murphy, 65 App. Div. 126, 72 N. Y. Supp. 475,
it was held that the determination of the police commissioner of the
city of New York in refusing to grant a theatrical license under section
1473 of the Greater New York charter (Laws 1897, p. 519, c. 378) was
not a judicial act, was discretionary with the commissioner as an ex-
ecutive, administrative, or ministerial act, and hence not reviewable
by certiorari.

In Walker v. Maxwell, 68 App. Div. 196, 74 N. Y. Supp. 94, we
find a case more nearly like the one in hand, where this court deter-
mined that the action of the board of examiners of the board of educa-
tion of the city of New York in refusing a teacher in one of the public
schools of the city a license permitting her to teach a higher grade is
in no sense judicial, but purely executive, administrative, or ministerial,
and hence a writ of certiorari cannot be issued to review such action.
The character of the act of the board of examiners in passing upon
the relator's application for a certificate of equivalents, as in this case,

is no more judicial in its character than the act of the same board upon an application for a license to teach a higher grade, and in fact as to the former the statute not only does not confer the right of review by certiorari, but, on the other hand, declares that such certificate made by the board of examiners shall be final and conclusive on all matters pertaining to experience therein stated.

Our conclusion is that the writ should not have issued, and the order should be reversed, with $10 costs and disbursements, and the application denied, with costs. All concur, except RICH, J., who dissents.