(66 Misc. Rep. 481.)

RYAN et al. v. GAYNOR, Mayor.

(Supreme Court, Special Term, New York County. March 29, 1910.)

1. MUNICIPAL CORPORATIONS (§ 159*)—NATURE OF REMEDY.

The discharge of aqueduct commissioners of the city of New York by the mayor, without investigation as to charges against them, and without giving them an opportunity to make an explanation before their removal, is not such a judicial determination as can be reviewed by certiorari.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 159.*]

2. CERTIORARI (§ 44*)—PROCEEDINGS—STATUTORY PROVISIONS.

Code Civ. Proc. § 2140, prescribing certain questions involving the merits to be determined by the court upon hearing upon a writ of certiorari, refers to the procedure after the issuance of the writ, and not as to the power of the court to issue the writ.

[Ed. Note.—For other cases, see Certiorari, Dec. Dig. § 44.*]

Applications for writs of certiorari by John J. Ryan, William H. Ten Eyck, John P. Windolph, and John F. Cowan, against William J. Gaynor, Mayor. Writs denied.

Strasbourger, Eschwege & Schallek, for applicants.

Archibald R. Watson, Corp. Counsel, and Terence Farley, Asst. Corp. Counsel, for defendant.

NEWBURGER, J. These are applications for the issuance of a writ of certiorari, directed to the mayor of the city of New York, requiring him to certify to the court his proceeding in the matter of the removal of the petitioners as aqueduct commissioners of the city of New York. Petitioners were on the 16th day of February, 1910, removed by William J. Gaynor, who notified them in writing of the fact that he had removed them, and at the same time appointed four others in their place and stead, who qualified and entered into possession of the office. The notice of removal is as follows:

"City of New York, Office of the Mayor, February 15, 1910. Sirs: I hereby remove you as aqueduct commissioners appointed and acting under chapter 490 of the Laws of 1883 and the acts amendatory thereof. Wm. J. Gaynor, Mayor. To John H. Cowan, William H. Ten Eyck, John J. Ryan, and John P. Windolph, Esqs."

The petition, after reciting these facts, further states that the petitioners protested against their removal and expressed their willingness to perform their duties; that they were removed without notice, without the information of the charges against them, without being notified of the cause thereof, without being given an opportunity of being heard, and without the Governor approving of the action of the mayor; that the action of the mayor was illegal, in that no charges were preferred against them, nor were they informed of the cause of their removal; that no notice of the proposed action was ever given to them. It is conceded that there was no trial or hearing before the mayor. The question to be determined is: Is certiorari the proper remedy in this proceeding?

It has been repeatedly held that the office of the writ of certiorari is confined to the review of the judicial proceedings of inferior bodies, and as was said by Mr. Justice Kellogg in People ex rel. Howe v. Conway, 59 App. Div. 329, 69 N. Y. Supp. 837:

"If there has been no judicial proceeding, and none attempted, the writ will not lie. If there has been no judicial determination, no subject for such a determination, how can there be a review? It is not every arbitrary act of an executive officer, though such act may affect persons and property, which is so reviewable. 'A common-law certiorari is in the nature of an appeal from the judgments and judicial determination of inferior tribunals and officers acting under statutory authority, or when the proceeding is not according to the common law.' People ex rel. Corwin v. Walter, 68 N. Y. 403."

In the case above cited the relator was a school commissioner of the city of Troy, and, although he claimed he was entitled to a hearing, the mayor of the city removed him without such hearing. In the case of People ex rel. Segee v. Hayes, 106 App. Div. 564, 94 N. Y. Supp. 756, Mr. Justice Ingraham says:

"We think that where a person holding a subordinate position in a department of the city government is discharged, in violation of this provision of the charter, without any investigation as to charges against him, or without giving him an opportunity to make an explanation before his removal, the proper proceeding for his reinstatement is an application for a mandamus. * * * Where there has been no determination of a question presented to the appointing power for a judicial determination, and the rights secured to an employé have been disregarded, there is no judicial proceeding which can be reviewed by certiorari."

In People ex rel. Kennedy v. Brady, 166 N. Y. 47, 59 N. E. 702, Mr. Justice O'Brien says:

"Official acts, executive, legislative, administrative, or ministerial in their nature or character, were never subject to review by certiorari. The writ could be issued only for the purpose of reviewing some judicial act" (citing People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522, and a number of other cases).

In the cases cited by the relators no question was raised as to the power of the court to issue the writ. Section 2140 of the Code of Civil Procedure, cited by the relators refers to the procedure after the issuance of the writ, and not as to the power of the court to issue the writ. The assumption of power by the mayor, which it is claimed he did not possess, is not such a judicial determination which would authorize this court to review by certiorari. The relators have a sufficient remedy against the action of the mayor.

The motions for writs of certiorari must be denied.